# No. 27998

## The People of the State of Colorado v. William Allen Eggers

(585 P.2d 284)

Decided October 10, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, David L. Quicksall, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant, William Allen Eggers, was convicted by a jury of aggravated robbery and conspiracy. The jury also found, pursuant to the violent offender statute, section 16-11-309, C.R.S. 1973 (1976 Supp.), that the offense was a crime of violence, thus precluding probation and foreclosing an indeterminate sentence. This finding was based upon the actions of defendant during the robbery of a restaurant in which he pointed a revolver at an employee and fired a round into the floor.

Defendant does not quarrel with the conviction for aggravated robbery. During his trial, he admitted his participation in the robbery. He does, however, contend that aggravated robbery is not a crime of violence within the meaning of section 16-11-309, C.R.S. 1973 (1976 Supp.); that his conviction for aggravated robbery, coupled with sentencing under the violent offender statute, violated his right to equal protection; and that the violent offender statute is unconstitutionally vague. We find no merit in any of defendant's contentions and therefore affirm the judgment.

I.

A crime of violence is defined in section 16-11-309 (2), C.R.S. 1973 (1976 Supp.):

"'Crime of violence' means a crime in which the defendant used, or possessed and threatened the use of, a deadly weapon during the commission of a crime of murder, first or second degree assault, kidnapping, sexual assault, robbery, first degree arson, first or second degree burglary, escape, or criminal extortion, or during the immediate flight therefrom, or who caused serious bodily injury or death to any person, other than himself or another participant, during the commission of any such felony or during the immediate flight therefrom."

Defendant argues that the crime "aggravated robbery" is outside the ambit of the violent offender statute because it is not specifically mentioned therein. Although "robbery" is included in the statute, defendant contends that "aggravated robbery" is a separate crime and could have been included if the legislature had so desired.

Such a construction completely disregards the intention of the legislature, in response to the prevalent rise in violent crime, to deal severely with those who endanger others by the use of a deadly weapon during the commission of certain crimes. We hold that "robbery" as used in the violent offender statute includes both simple robbery (section 18-4-301, C.R.S. 1973) and aggravated robbery (section 18-4-302, C.R.S. 1973) since they are but two degrees of the same offense. *Atwood v. People,* 176 Colo. 183, 489 P.2d 1305.

It is apparent from a reading of the statute that, where the legislature desired to specify only certain degrees of a particular crime in the violent offender statute, it did so, *e.g.,* first or second-degree assault, first-degree arson, first or second-degree burglary. Likewise, where it meant to include all degrees of a crime within the ambit of the statute, it did so, *e.g.,* murder, kidnapping and robbery.

To hold otherwise would produce the anomalous result that one who shoots a victim during the course of a robbery, and is thus guilty of aggravated robbery, would not be a violent offender. Such a construction would completely disregard the obvious legislative purpose: to deter the commission of violent crimes.

## II.

Defendant relies upon *People v. Dominquez,* 193 Colo. 468, 568 P.2d 54, and *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316, to support his equal protection argument. Those cases dealt with two statutes providing different penalties for substantially the same criminal conduct, based upon statutory language that created distinctions "without a sufficiently pragmatic difference," thus denying equal protection. The equal protection clause requires that when essentially the same criminal conduct is involved all persons be treated equally in the guilt determination process. Here, defendant was subjected to prosecution for the violation of one substantive offense, namely, aggravated robbery. The violent offender statute does not define a separate substantive offense but merely provides for a sentencing scheme to be followed under certain circumstances.

As stated in *Brown v. District Court,* 194 Colo. 45, 569 P.2d 1390: "It is obvious that the legislature intended a violent crimes sentencing statute to be just that — a sentencing provision, and not an offense. * * * [I]t does not create a substantive offense. The application of the statute is triggered only after a defendant has been found guilty of the substantive crime, and the special findings relate only to the sentencing for the substantive offense."

Other state courts, analyzing similar sentencing statutes, have reached a like result. *State v. Church,* 109 Ariz. 39, 504 P.2d 940; *People v. White,* 16 Cal.3d 791, 129 Cal. Rptr. 769, 549 P.2d 537; *State v. Barreras,* 88 N.M. 52, 536 P.2d 1108 (N.M. App. 1975); *State v. Angus,* 581 P.2d 992 (Utah 1978); *State v. Edwards,* 17 Wash. App. 355, 563 P.2d 212.

Moreover, the violent offender statute does not enhance punishment, as contended by defendant, because it mandates minimum sentencing, forecloses indeterminate sentencing and precludes probation. It does not increase the term of the allowable sentence under the statute defining the substantive offense. In this regard, it is similar to section 16-11-101(1)(d), C.R.S. 1973 (1976 Supp.), which forbids an indeterminate sentence for a defendant with a prior felony conviction. In *People v. Smith,* 195 Colo. 404, 579 P.2d 1129, this court held that section 16-11-101(1)(d) was not a punishment enhancer. The reasoning in *People v. Smith* aptly applies to the violent offender statute.

Consequently, since the violent offender statute does not define an offense nor enhance punishment, the equal protection analysis employed in *People v. Calveresi, supra,* and its progeny is inapplicable.

III.

Defendant contends that the violent offender statute is unconstitutionally vague because it fails to explicitly include aggravated robbery within its ambit. We do not agree.

As discussed in part I of this opinion, aggravated robbery clearly may be a crime of violence as defined in the statute. The statute, therefore, is sufficiently definite to give reasonable notice of the proscribed conduct to one who would avoid its application, to guide the trial judge in its application, and to guide counsel in defending one charged with its violation. *People v. Hines,* 194 Colo. 284, 572 P.2d 467.

We have considered defendant's other assignments of error and find them not to merit discussion.

The judgment is affirmed.