**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

**v.**

**William A. MONTOYA, Defendant-Appellant.**

**No. 84CA0310.**

Colorado Court of Appeals, Div. III.

June 27, 1985.

Rehearings Denied July 25, 1985.

Certiorari Denied (Montoya) Nov. 18, 1985.

Certiorari Granted (People) Nov. 18, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeffrey A. Springer, P.C., Robert M. Brown, Jeffrey A. Springer, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, William A. Montoya, appeals his judgment of conviction entered upon a jury verdict finding him guilty of first-degree assault in violation of § 18–3–202(1)(a), C.R.S. (1978 Repl.Vol. 8), and from the application of mandatory sentence for violent crime. We affirm defendant's conviction but set aside his sentence and remand with directions for resentencing.

Defendant admitted that, at the conclusion of an argument, he shot the victim. However, his testimony was to the effect that he had done so only after being punched and kicked by the victim and threatened with a switchblade knife. The victim's testimony at trial, though not consistent with an earlier deposition, was that

he had merely pushed defendant out of the way and that he was shot as he was walking back to his house.

At the conclusion of the evidence, the court instructed the jury on the various matters under consideration including the issue of self-defense. During its deliberations, the jury sent out a written note inquiring of the court as follows: "Is the burden of proof on the prosecution to show that self-defense was not used?" Despite the defendant's request that the question be answered in the affirmative, the court instructed the jury that: "The answer to your question is contained in the instructions. Please reread them carefully. I cannot instruct you further."

## I.

Defendant first asserts that the trial court committed reversible error when it refused to respond to the jury's inquiry. We disagree.

■ A trial court has a duty to answer proper jury questions. As the Supreme Court in *Bollenbach v. United States*, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946) noted: "When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy."

■ However, the decision to give supplemental or clarifying instructions is within a trial court's discretion. *See People v. Langford*, 191 Colo. 87, 550 P.2d 329 (1976); *People v. Woodward*, 631 P.2d 1188 (Colo.App.1981).

Here, the trial court had instructed the jury correctly upon the prosecution's burden concerning the affirmative defense of self-defense. The instruction given followed the language of *Colo. JI-Crim.* No. 7:01 (1983).

■ Thus, the answer to the jury's question was contained in the instructions. Absent proof that the jury did not follow the trial court's instructions, we must presume that the jury did so. *People v. Knapp*, 180 Colo. 280, 505 P.2d 7 (1973). The trial court's response to the jury's question was within its discretion and did not constitute reversible error.

## II.

Inasmuch as our supreme court has declined to accept a transfer of this case, we decide the following constitutional issues.

## A.

■ Defendant contends that § 18–3–202(1)(a), C.R.S. (1978 Repl.Vol. 8), which punishes assault in the first degree as a class three felony, is unconstitutional because it denies the defendant equal protection of the law. We disagree.

Defendant argues that there is no method by which one can cause serious bodily injury without using a deadly weapon. The identical argument was raised and rejected in *People v. Brake*, 196 Colo. 575, 588 P.2d 869 (1979), which held that "there are various ways to cause serious bodily injury to another without the use of a deadly weapon."

## B.

■ Defendant next contends that the combination of his conviction of first degree assault, § 18–3–202(1)(a), C.R.S. (1978 Repl.Vol. 8), with mandatory sentencing for violent crimes, § 16–11–309, C.R.S. (1984 Cum.Supp.), and the resultant mandatory sentence beyond the presumptive range, denies him equal protection of the law. In the specific context of the facts before us, we agree.

■ The constitutional right to equal protection of the law under the Fourteenth Amendment and *Colo. Const.* art. II, § 25, guarantees like treatment and similar punishment of persons convicted of the same acts committed under similar circumstances. *People v. Bramlett*, 194 Colo. 205, 573 P.2d 94 (1977); *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975). That constitutional guarantee is violated when identical criminal conduct is punished with disparate criminal sanctions, or when different criminal penalties are imposed for similar criminal acts, without any rational ba-

sis to distinguish the illegal conduct. *People v. Marcy*, 628 P.2d 69 (Colo.1981).

Section 18–3–202, C.R.S. (1978 Repl.Vol. 8) provides,

"(1) A person commits the crime of assault in the first degree if:

(a) with intent to cause serious bodily injury to another person, he causes serious bodily injury to any person *by means of a deadly weapon.*" (emphasis added)

Assault in the first degree is a class 3 felony with a presumptive range of punishment of 4 to 8 years imprisonment. *See* § 18–1–105, C.R.S. (1984 Cum.Supp.).

Section 16–11–309, C.R.S. (1984 Cum. Supp.) requires a mandatory sentence "greater than the maximum in the presumptive range, but not more than twice the maximum term," in certain circumstances including the commission of a "crime of violence." A "crime of violence" is defined in § 16–11–309(2)(a)(I), C.R.S. (1984 Cum.Supp.) as including those circumstances in which "defendant used ... a deadly weapon ... during the commission of ... first or second degree assault ...." Section 16–11–309(5), C.R.S. (1984 Cum. Supp.) requires the jury to make specific findings whether the accused used a deadly weapon during the commission of the crime or whether serious bodily injury or death was caused by the accused.

The defendant contends that, inasmuch as the finding under the mandatory sentencing count increased his punishment but failed to add any element not already included in the elements of first degree assault as charged, it resulted in a violation of his right to equal protection of the law. We agree.

In convicting defendant of subsection (1)(a) first degree assault, the jury found that defendant intended to, and did, cause serious bodily injury by means of a deadly weapon. This subjected defendant to a penalty of 4–8 years imprisonment. However, the jury made an additional specific finding, as required by the mandatory sentencing interrogatory, that the defendant used a deadly weapon during the commission of first degree assault. As a result,

defendant was subjected to a penalty of 8 years and 1 day to 16 years, and in fact, received a sentence of 9 years in prison.

Under these facts, the mandatory sentencing interrogatory required the jury to duplicate its finding under the first degree assault statute, *i.e.*, that a deadly weapon was used. Thus, although there was no proof of any additional element beyond those necessarily present for conviction of the underlying offense, defendant received a mandatory sentence within the aggravated sentencing range. Under such circumstances, defendant's penalty was increased without a rational basis. *See People v. Eggers*, 196 Colo. 349, 585 P.2d 284 (1978). Therefore, defendant's right to equal protection of the law has been violated. *People v. Bramlett, supra; People v. Calvaresi, supra.*

■ Citing *People v. Eggers, supra*, the People argue that equal protection does not apply to § 16–11–309, C.R.S. (1984 Cum. Supp.). *Eggers* did hold that the violent offender statute as then worded was not subject to attack on equal protection grounds; however, the statute was amended in 1981 to provide for mandatory sentences "greater than the maximum presumptive range, but not more than twice the maximum term." Section 16–11–309, C.R.S. (1984 Cum.Supp.). And, the court there noted that the pre-1981:

"violent offender statute does not enhance punishment, ... because it mandates minimum sentencing, forecloses indeterminate sentencing and precludes probation. It does not increase the term of the allowable sentence under the statute defining the substantive offense."

This description of the statute at issue in *Eggers* implies that the result would differ if the violent crime statute increased the term of the allowable sentence. Therefore, because the current violent crime statute doubles the allowable sentencing range for the underlying crime, it is a sentence enhancement statute and constitutional protections apply. *Beigel v. People*, 683 P.2d 1188 (Colo.1984). *See also Mullaney v.*

*Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (due process clause applies to factors that bear solely on the extent of punishment).

■ Accordingly, we hold that § 16–11–309, C.R.S. (1984 Cum.Supp.) cannot be used if the prosecution has limited its allegation and proof to include only use of a deadly weapon in the perpetration of the underlying offense and the offense underlying the sentence enhancement allegation is one which has as one of its essential elements "use of a deadly weapon." Thus, since defendant was convicted of a subsection (1)(a) violation, the enhancement statute, as applied to him, is unconstitutional.

The judgment of conviction is affirmed; the sentence is set aside, and the cause is remanded for resentencing on the first degree assault conviction in accordance with the views expressed in this opinion.

STERNBERG and TURSI, JJ., concur.