The **PEOPLE** of the State of Colorado, Plaintiff-Appellee, In the Interest of D.G., Minor Child-Appellant,

And Concerning M.G., Respondent.

No. 85CA1169.

Colorado Court of Appeals, Div. I.

Aug. 21, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia A. Savage, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Karen M. Ashby, Deputy State Public Defender, Denver, for minor child-appellant.

No appearance for respondent.

STERNBERG, Judge.

Following a delinquency adjudication based upon D.G.'s admission of one count of aggravated robbery and one count of violent juvenile offender, the juvenile court committed D.G. to the department of institutions for a period of two years, no less than one year of which was to be spent in a juvenile institution. Thereafter, D.G. filed a motion pursuant to Crim.P. 35(c) seeking to have this disposition vacated. In reliance on *People v. Montoya*, 709 P.2d 58 (Colo.App.1985) (cert. granted November 18, 1985), he argued that the application of the violent juvenile offender provision, § 19–3–113.1(1), C.R.S. (1985 Cum.Supp.), to the charge of aggravated robbery, § 18–4–302, C.R.S. (1978 Repl.Vol. 8), constituted a violation of equal protection. The juvenile court denied D.G.'s motion. On appeal by D.G., we affirm.

In *People v. Haymaker*, 716 P.2d 110 (Colo.1986), the supreme court expressly disapproved *Montoya*, holding that the imposition of a sentence in the aggravated range under § 18–1–105(9)(a)(I), C.R.S. (1985 Cum.Supp.) for conviction of a crime of violence under § 16–11–309, C.R.S. (1985 Cum.Supp.) did not deny the defendant due process or equal protection. *See also People v. Mozee*, 723 P.2d 117 (Colo.1986); *People v. Vigil*, 718 P.2d 496 (Colo.1986); *People v. Powell*, 716 P.2d 1096 (Colo.1986). The violent juvenile offender statute is similar to the crime of violence statute in that it does not create a separate and distinct offense; instead, it is a dispositional statute associated with the underlying delinquent act. *People in Interest of M.A.W.*, 651 P.2d 433 (Colo.App.1982); § 19–1–103(28), C.R.S. (1985 Cum.Supp.). Accord-

ingly, the analysis in *People v. Haymaker*, *supra*, applies and we hold there was no equal protection violation here.

Order affirmed.

PIERCE and METZGER, JJ., concur.