**The PEOPLE of the State of Colorado, Petitioner,**

v.

**William A. MONTOYA, Respondent.**

**No. 85SC328.**

Supreme Court of Colorado,
En Banc.

May 18, 1987.

---

victim had failed to make to the defendant's girlfriend's apartment, as her landlord. The argument escalated, and the defendant shot the victim. The victim was seriously injured and is paralyzed from the waist down as a result of the shooting. The defendant, William Montoya, was charged with first degree assault, section 18–3–202(1)(a), 8B C.R.S. (1986), and crime of violence, section 16–11–309, 8A C.R.S. (1986). At trial he asserted that his actions were in self-defense, but the jury convicted him of both charges. The first degree assault conviction subjected Montoya to a sentence of four to eight years in prison. The conviction of crime of violence increased the possible penalty to between eight and sixteen years in prison. Montoya was actually sentenced to nine years' imprisonment.

The defendant appealed, arguing to the court of appeals that the statutory scheme as applied to him violated his right to equal protection under the law because the effect of the mandatory sentencing scheme under the crime of violence statute was to enhance his punishment without requiring the prosecution to prove any additional elements, since use of a deadly weapon was already an element of first degree assault.

The court of appeals agreed that the defendant's right to equal protection had been violated, and set aside the defendant's sentence, remanding for resentencing on the first degree assault conviction only. 709 P.2d 58 (Colo.App.1985). The People appealed from the court of appeals' decision. We reverse and remand for reinstatement of the defendant's sentence.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for petitioner.

Jeffrey A. Springer, P.C., Jeffrey A. Springer, Denver, for respondent.

Norman S. Early, Jr., Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Ferdinand L. Torres, Deputy Dist. Atty., Denver, for amicus curiae, Dist. Atty. for Second Judicial Dist.

VOLLACK, Justice.

The People appeal from the court of appeals' decision in *People v. Montoya,* 709 P.2d 58 (Colo.App.1985). In *Montoya,* the court of appeals held that under the facts presented here, the defendant's right to equal protection under the law was violated by the sentencing scheme as applied to him. We reverse and remand to the court of appeals for proceedings consistent with this opinion.

I.

The defendant and the victim were involved in an argument over repairs the

II.

The defendant asks us to affirm the court of appeals' ruling that his mandatory sentence beyond the presumptive range, arising from his conviction of both first degree assault, section 18–3–202(1)(a), 8B C.R.S. (1986), and mandatory sentencing for violent crimes, section 16–11–309, 8A C.R.S. (1986), violated his right to equal protection.[1]

1. The fourteenth amendment to the United States Constitution states in pertinent part that

The first degree assault charge is a class three felony with a presumptive sentencing range of four to eight years in prison, and use of a deadly weapon is one of the elements of that charge. § 18–1–105, 8B C.R.S. (1986). The crime of violence charge under section 16–11–309 requires imposition of a mandatory sentence greater than the maximum presumptive sentence, but not more than twice the maximum. The crime of violence conviction was based on the defendant's use of a deadly weapon during the commission of the first degree assault. The court of appeals held that this sentencing scheme denied the defendant's right to equal protection under both the state and federal constitutions. *People v. Montoya,* 709 P.2d 58 (Colo.App.1985). The court based this ruling on its conclusion that the respondent received a mandatory sentence in the aggravated sentencing range, even though there was no additional element required to be proven for the crime of violence conviction. *Id.* at 61.

The first degree assault statute states in pertinent part:

**Assault in the first degree.** (1) A person commits the crime of assault in the first degree if:

(a) With intent to cause serious bodily injury to another person, he causes serious bodily injury to any person *by means of a deadly weapon....*

§ 18–3–202(1)(a), 8B C.R.S. (1986) (emphasis added).

The mandatory sentences for violent crimes statute states in pertinent part:

**Mandatory sentences for violent crimes.** (1)(a) Except as provided in paragraph (b) of this subsection (1), any person convicted of a crime of violence shall be sentenced pursuant to section 18–1–105(9), C.R.S., to a term of incarceration *greater* than the *maximum* in the *presumptive range,* but not more than twice the maximum term....

....

(2)(a)(I) "Crime of violence" means a crime in which the *defendant used,* or

possessed and threatened the use of, *a deadly weapon* during the commission or attempted commission of ... first or second degree assault....

§ 16–11–309, 8A C.R.S. (1986) (emphasis added).

We first addressed the constitutionality of this sentencing scheme in *People v. Haymaker.* 716 P.2d 110 (Colo.1986). The defendant in *Haymaker* was challenging the same sentencing scheme as it applied to first degree sexual assault because he had been convicted of both first degree sexual assault and a crime of violence. We held in *Haymaker* that this sentencing scheme did not violate equal protection, and was therefore constitutional. We also expressly disapproved the court of appeals' holding in *Montoya.* 716 P.2d at 118. The sentencing statutes did not violate equal protection because *all those* who "used a deadly weapon in committing the crime must be sentenced in the aggravated range," *id.* at 115, and it is not unconstitutional for the legislature to mandate more severe penalties for use of a deadly weapon during the commission of a crime. *Id.* at 118.

After *Haymaker,* we found this sentencing scheme constitutional as applied to dual convictions of first degree assault and crime of violence in *People v. Collins,* 730 P.2d 293, 300 (Colo.1986). "[S]entencing in the aggravated range for a crime of violence based on the use of a deadly weapon during the commission of first degree assault does not violate the guarantee of equal protection of the laws." *Id.* The convictions in *Collins* were identical to the charges presented here. Consequently, our decision in *Collins* is controlling and we hold that the defendant was not deprived equal protection under the law.

We reverse the judgment of the court of appeals and remand for reinstatement of the defendant's sentence.

"[n]o state shall deny to any person within its jurisdiction the equal protection of the laws." This right has been held to be implicit in article

II, section 25, of the Colorado Constitution. *People v. Haymaker,* 716 P.2d 110, 114 n. 5 (Colo.1986).