The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael O. YOUNG,
Defendant–Appellant.

No. 86SA320.

Supreme Court of Colorado,
En Banc.

June 20, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

QUINN, Chief Justice.

The defendant, Michael O. Young, who was convicted of aggravated robbery, § 18-4-302, 8 C.R.S. (1978), and a crime of violence, § 16-11-309, 8 C.R.S. (1982 Supp.), appeals from the district court's denial of his Crim.P. 35(c) motion to vacate his sentence of twelve years. He asserts that the application of the crime of violence statute to his sentence violates equal protection of the laws because the mere use of a deadly weapon during the commission of a robbery could support a conviction for both aggravated robbery and a crime of violence on the one hand, and a conviction for simple robbery and a crime of violence on the other, but different penalties would be applicable to the separate sets of convictions without any real distinction justifying the disparate treatment.[1] Finding no constitutional error, we affirm the judgment.

The defendant and Daniel S. Kessler were charged in the District Court of Jefferson County with aggravated robbery, conspiracy to commit aggravated robbery, and the commission of a crime of violence, all of which arose out of the robbery of an employee of the Royal Petroleum Company on January 10, 1983. On March 7, 1983, the defendant entered a guilty plea to the charges of aggravated robbery and the commission of a crime of violence in exchange for the dismissal of two other cases in which he was charged with similar offenses.[2] The district court sentenced the

1. Because of the defendant's constitutional challenge to the crime of violence statute, this appeal was filed in this court. *See* § 13-4-110(1)(a), 6A C.R.S. (1987).

2. The record shows that in committing the ag-

defendant to the Department of Corrections for a term of sixteen years. Upon reconsideration, the court reduced the sentence to twelve years.

In August 1985 the defendant filed a Crim.P. 35(c) motion to vacate the sentence. In his motion the defendant relied on the opinion of the court of appeals in *People v. Montoya,* 709 P.2d 58 (Colo.App.1985), *rev'd,* 736 P.2d 1208 (Colo.1987), which held that the aggravated sentence mandated by the crime of violence statute for the use of a deadly weapon during the commission of first degree assault violated equal protection of the laws because that same element was a requisite for conviction of the underlying offense of first degree assault. In denying the motion the district court concluded that, in contrast to *Montoya,* the defendant agreed to an aggravated sentence as part of a plea agreement. The defendant thereafter filed this appeal.

The defendant's basic argument on appeal is that his sentence under the crime of violence statute violates equal protection of the laws because the term "robbery" in that statute includes both simple and aggravated robbery, thereby obliterating any distinction between these two offenses, and yet the crime of violence statute permits a greater sentence when a jury finding or guilty plea to a crime of violence charge is superimposed on a conviction for aggravated robbery than when such finding or guilty plea is superimposed on a conviction for simple robbery.[3] We reject the defendant's argument as based on the faulty assumption that the commission of aggravated robbery and a crime of violence involves the very same conduct as the commission of simple robbery and a crime of violence.

A "crime of violence," as pertinent to this appeal, is defined as "a crime in which the defendant used, or possessed and threatened the use of, a deadly weapon during the commission of ... a crime of ... robbery ... or during the immediate flight therefrom...." § 16–11–309(2)(a)(I), 8 C.R.S. (1982 Supp.).[4] As used in the crime of violence statute, "robbery" includes both simple robbery and aggravated robbery. *People v. Eggers,* 196 Colo. 349, 585 P.2d 284 (1978). The crime of violence statute is a sentencing provision which, either upon a jury finding that the defendant used, or possessed and threatened to use, a deadly weapon during the underlying offense, or upon a guilty plea to the crime of violence charge, increases the penalty applicable to the underlying crime "to a term of incarceration greater than the maximum in the presumptive range, but not more than twice the maximum term." § 16–11–309(1)(a), 8A C.R.S. (1986).

On the date of the offense in question, aggravated robbery was classified as a class 3 felony, § 18–4–302(3), 8 C.R.S. (1978), and carried a presumptive sentence of four to eight years plus one year of parole, § 18–1–105(1)(a)(I), 8B C.R.S. (1986). In contrast, the crime of simple robbery was classified as a class 4 felony, § 18–4–301(2), 8B C.R.S. (1986), and carried a presumptive sentence of two to four years plus one year of parole, § 18–1–105(1)(a)(I), 8B C.R.S. (1986). The effect of the defendant's guilty plea to aggravated robbery and a crime of violence, therefore, was to upgrade the mandatory penalty applicable to the substantive

gravated robbery against the Royal Petroleum Company employee, the defendant pointed a revolver at two employees of the company and demanded money from one of them, ordering the other to lie down on the floor and not to move. The defendant then took the money, left on foot, and ran to a vehicle parked several blocks away. He was arrested shortly thereafter by the police.

**3.** The defendant also argues that the district court erred in characterizing the plea agreement as a stipulation that the sentence would be imposed in the aggravated range, thus, in effect,

waiving his right to challenge the constitutionality of his sentence. Because we decide this case on the merits of Young's constitutional claim, we need not address that issue.

**4.** The definition of "crime of violence" was amended in 1983 to include the use, or possession and threatened use, of a deadly weapon during the "attempted commission" of the enumerated crimes. Ch. 190, sec. 1, § 16–11–309, 1983 Colo.Sess.Laws 682, 682 (currently codified at § 16–11–309(2)(a)(I), 8A C.R.S. (1986)).

crime of aggravated robbery to a minimum term greater than the maximum presumptive sentence of eight years plus one year of parole but not more than sixteen years, which was twice the maximum term, plus one year of parole.

 Statutes proscribing the identical conduct with different penalties violate equal protection of the laws under the Colorado Constitution. *E.g., People v. Marcy,* 628 P.2d 69 (Colo.1981); *People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1977), *cert. denied,* 435 U.S. 956, 98 S.Ct. 1590, 55 L.Ed.2d 808 (1978); *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). Contrary to the defendant's claim, however, the fact that the crime of violence statute encompasses both simple and aggravated robbery does not lead to the conclusion that the statute thereby results in penalizing identical conduct with disparate penalties. Simple robbery is committed when a person "knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation." § 18–4–301(1), 8B C.R.S. (1986). In contrast, the statutory definition of aggravated robbery applicable to this case is as follows:

(1) A person who commits robbery is guilty of aggravated robbery if during the act of robbery or immediate flight therefrom:

(a) He is armed with a deadly weapon with intent, if resisted, to kill, maim, or wound the person robbed or any other person; or

(b) He knowingly wounds or strikes the person robbed or any other person with a deadly weapon or by the use of force, threats, or intimidation with a deadly weapon knowingly puts the person robbed or any other person in reasonable fear of death or bodily injury....

§ 18–4–302, 8 C.R.S. (1978).[5] In our prior decisions, we have emphasized that aggra-vated robbery requires additional elements not required for simple robbery. These elements include any of the following: being armed with a deadly weapon and acting with specific intent, if resisted, to kill, maim, or wound the person robbed or any other person; knowingly wounding and/or striking the person robbed or any other person with a deadly weapon; and knowingly putting the person robbed or any other person in reasonable fear of death or bodily injury by the use of force, threat, or intimidation with a deadly weapon. *See, e.g., People v. Aragon,* 653 P.2d 715, 720 (Colo.1982); *People v. Small,* 177 Colo. 118, 125–26, 493 P.2d 15, 19 (1972). Since there is a real distinction between aggravated robbery and simple robbery, the application of the crime of violence statute to these underlying offenses does not result in punishment of identical conduct with disparate penalties.

In *People v. Mozee,* 723 P.2d 117 (Colo. 1986), we rejected a challenge similar to that raised here by the defendant. In *Mozee* the defendant argued that application of the crime of violence statute to a conviction for first degree assault violated equal protection of the laws because the only real distinction between first degree assault and second degree assault was that first degree assault required the use of a deadly weapon in causing serious bodily injury to the victim, and that an offender intending to cause and causing serious bodily injury to a victim by means of a deadly weapon could be charged and convicted of either second degree assault and a crime of violence or charged and convicted of first degree assault and a crime of violence, with the result that disparate penalties could be imposed for essentially the same conduct. In rejecting that argument, we first noted that the crime of first degree assault, in contrast to second degree assault, required proof that "the use of the deadly weapon actually caused the serious bodily injury."

---

**5.** In 1986 the legislature amended the aggravated robbery statute to provide that "[i]f a defendant is convicted of aggravated robbery pursuant to paragraph (b) of subsection (1) of this section, the court shall sentence the defendant in accordance with the provisions of [the crime of violence statute,] section 16–11–309, C.R.S." Ch. 138, sec. 9, § 18–4–302, 1986 Colo.Sess.Laws 776, 777–78 (currently codified at § 18–4–302, 8B C.R.S. (1986)). This provision became effective on July 1, 1986, and applies to all offenses committed on or after that date.

*Id.* at 128. We then concluded that equal protection of the laws was not violated because "[e]ven when a crime of violence finding is superimposed on both first and second degree assault convictions ... the real distinction between those two crimes remains—first degree assault requires that serious bodily injury be caused *by means of* the deadly weapon, but second degree assault does not." *Id.* (emphasis in original). By a parity of reason, we are satisfied that when the crime of violence statute is superimposed on convictions for both aggravated robbery and simple robbery, there are real differences between these two forms of robbery and that these differences provide substantial support for the disparate penalty applicable to a crime of violence finding superimposed on a conviction for aggravated robbery.

Implicit in the defendant's claim is the notion that the "weapon" element of the crime of violence statute is merely duplicative of the "weapon" element of aggravated robbery. Our prior decisions, however, clearly hold that equal protection of the laws is not violated simply because the crime of violence statute requires that the offender make use of a deadly weapon during the commission of certain felonies and that this same element of using a deadly weapon is also an essential element of the underlying felony on which the crime of violence finding is superimposed. *People v. Haymaker,* 716 P.2d 110, 114–15 (Colo.1986); *accord Montoya,* 736 P.2d 1208 (reversing court of appeals' holding in *People v. Montoya,* 709 P.2d 58, that aggravated sentence pursuant to crime of violence statute violated equal protection of law because use of a deadly weapon for crime of violence was same element required for conviction of underlying felony of first degree assault); *People v. Chavez,* 730 P.2d 321 (Colo.1986); *People v. Collins,* 730 P.2d 293 (Colo.1986); *Mozee,* 723

P.2d 117.[6] Insofar as the defendant is challenging those prior decisions, we reject that challenge and reaffirm the holdings of those cases.

The judgment is affirmed.

VOLLACK, J., not participating.

---

**6.** The legislature codified this principle in 1986 with the following provision:

The court may consider aggravating circumstances such as serious bodily injury caused to the victim or the use of a weapon in the commission of a crime, notwithstanding the fact that such factors constitute elements of the offense.

Ch. 136, sec. 2, § 18–1–105, 1986 Colo.Sess.Laws 769, 769 (currently codified at § 18–1–105(9)(f), 8B C.R.S. (1986)). This provision became effective on July 1, 1986, and applies to acts committed on or after that date.