The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Douglas Burt FULLER,
Defendant–Appellant.

No. 89SA288.

Supreme Court of Colorado,
En Banc.

May 21, 1990.

As Amended on Denial of Rehearing
July 9, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, State Public Defender, and Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Justice ERICKSON delivered the Opinion of the Court.

The defendant, Douglas Burt Fuller, was convicted of aggravated robbery,[1] second degree kidnapping,[2] and also, pursuant to section 16–11–309, 8A C.R.S. (1986), of two violent crime sentence enhancement counts. Fuller was sentenced to consecutive sentences of twenty years on the aggravated robbery conviction and thirty years on the second degree kidnapping conviction. As a result of the robbery and kidnapping convictions, Fuller's deferred sentence on a prior conviction for theft by receiving[3] was revoked and he was resentenced to a term in the custody of the Department of Corrections. On appeal,[4] Fuller claims that: (1) the mandatory consecutive sentencing provision of section 16–11–309 violates his constitutional right to equal protection of the law, (2) there was insufficient evidence to support his conviction of second degree kidnapping, (3) the trial court erred by denying his challenges for cause to two prospective jurors, (4) the trial court improperly denied his tendered instructions on eyewitness identification, (5) the trial court abused its discretion in imposing sentence, and (6) the statute providing for the defense of impaired mental condition violated his constitutional rights to effective assistance of counsel, his constitutional rights to due process of law, and his constitutional rights against self-incrimination. Fuller also contends that his deferred sentence for theft by receiving must be reinstated since the deferred sentence was revoked on the basis of invalid convictions. We affirm in part, reverse in part, and remand with directions.

On July 30, 1987, at approximately 2:00 a.m., a young man robbed a convenience store in Greeley. In the course of the robbery, he grabbed the store clerk, put a knife to her throat and demanded the contents of the store's cash register. The clerk gave him the money from the register, which was approximately twenty dollars, and offered to give him the money from the store's safe and from her purse. The robber refused, and with the knife still at the clerk's throat, took the clerk out the front door and toward the dark side of the building. While the pair were still in front of the store, a car pulled into the store's parking lot and the clerk broke away from her captor. After a brief confrontation with the driver of the car, the robber fled on a bicycle and the driver pursued him to a nearby trailer park. Twenty minutes later, the police stopped Fuller while he was riding his bicycle out of the trailer park and detained him until the store clerk was brought to the scene. The clerk identified Fuller as the man who robbed her and took her out of the store. Fuller was searched. The search produced a knife and money, including a marked two dollar bill from the store's cash register.

Fuller was charged with aggravated robbery, second degree kidnapping and two sentence enhancement counts of violent crime, section 16–11–309. Prior to arraignment, Fuller challenged the constitutionality of Colorado's statutory requirements for

1. Section 18–4–302, 8B C.R.S. (1986).

2. Section 18–3–302, 8B C.R.S. (1986 & 1989 Supp.).

3. Section 18–4–410, 8B C.R.S. (1986).

4. The appeal was initially filed in the court of appeals. Since the defendant presents a constitutional challenge to the validity of section 16–11–309 and the impaired mental condition statutes, sections 16–8–101 to –122, 8A C.R.S. (1986 & 1989 Supp.), the appeal was transferred to the supreme court according to sections 13–4–102(1)(b) and –110, 6A C.R.S. (1987).

the defense of impaired mental condition.[5] After the trial court found the statutory provisions constitutional, Fuller did not assert the defense of impaired mental condition.

The jury found Fuller guilty of aggravated robbery, second degree kidnapping and two counts of crime of violence. Fuller was sentenced to the Department of Corrections for consecutive terms of thirty years on the kidnapping conviction and twenty years on the aggravated robbery conviction. In addition, the trial court revoked the deferred sentence on the theft by receiving conviction and resentenced Fuller to a term of six years to be served consecutively to the other sentences.

## I.

■ Fuller contends that the mandatory consecutive sentencing provision of section 16–11–309 violates his constitutional right to equal protection of the law. Section 16–11–309(1)(a) provides in part that "[a] person convicted of two separate crimes of violence arising out of the same incident shall be sentenced for such crimes so that sentences are served consecutively rather than concurrently." Fuller contends that section 16–11–309(1)(a) violates equal protection of the law because it requires consecutive sentences for crimes of violence arising "from the same incident" and not when a defendant commits separate violent crimes in different incidents, in which case the sentencing court may sentence a defendant to concurrent terms in its discretion. *See, e.g., Brinklow v. Riveland,* 773 P.2d 517, 520 (Colo.1989). Fuller asserts that the legislative decision to punish a defendant who commits crimes arising out of one incident more harshly than a defendant who commits identical crimes, but in separate incidents, bears no reasonable relationship to any legitimate governmental interest.

■ Equal protection of the law requires like treatment of all those who are

similarly situated. *E.g., People v. Calvaresi,* 188 Colo. 277, 281, 534 P.2d 316, 318 (1975). Statutory classification of crimes must be based on substantial differences that are based on fact and reasonably related to the purposes of the legislation. *Id.* at 281–82, 534 P.2d at 318. Statutes that call for different penalties for the same conduct violate a defendant's right to equal protection of the law. *People v. Young,* 758 P.2d 667, 669 (Colo.1988); *People v. Calvaresi,* 188 Colo. at 282, 534 P.2d at 318. However, " '[t]he General Assembly [is] free to prescribe different punishments for conduct it may have rationally perceived to have different degrees of social reprehensibility.' " *People v. Thatcher,* 638 P.2d 760, 766 (Colo.1981) (quoting *People v. Johnson,* 195 Colo. 350, 578 P.2d 226 (1978)). Moreover, a statute is presumed to be constitutional and a person challenging the statute has the burden of proving that the statute is unconstitutional beyond a reasonable doubt. *E.g., People v. French,* 762 P.2d 1369, 1372 (Colo.1988).

The General Assembly could have rationally decided that violent crimes committed as part of the same incident pose a greater threat to society than the same criminal conduct committed separately in different violent criminal episodes. In our view, the differing punishments have a reasonable relationship to the prevention of crime, which is a legitimate governmental purpose. Since the classification is based on a rational distinction and is reasonably related to prevention of crime, the consecutive sentencing provision of section 16–11–309(1)(a) does not violate the constitutional requirements of equal protection of the law.

## II.

■ Fuller asserts that the record does not support his conviction of second degree kidnapping since there was no evidence presented at trial that established that the store clerk was subjected to a greater risk

5. Section 16–8–103.5(1), 8A C.R.S. (1986), requires a defendant to indicate his or her intention to assert the defense of impaired mental condition at the time of arraignment, with the exception that the defendant may inform the court of that intention at any time prior to trial for good cause shown.

of harm when Fuller forced her out of the store at knifepoint.

■ Section 18–3–302(1), 8B C.R.S. (1989 Supp.) provides "[a]ny person who knowingly seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping." The jury in this case was given an instruction on second degree kidnapping that tracked the language of the statute. To satisfy the elements of second degree kidnapping, substantial movement of the victim is not required. The prosecution must establish that the victim was moved and that the movement substantially increased the risk of harm to the victim. *Apodaca v. People*, 712 P.2d 467, 475 (Colo.1985). Fuller argues that the prosecution failed to establish the asportation element of second degree kidnapping since his conduct in taking the clerk out of the store did not expose the clerk to a substantially greater risk of harm.

On appellate review, a conviction based on a jury verdict must be upheld if there is substantial evidence in the record, viewed in the light most favorable to the prosecution, that supports the verdict. *People v. Schoondermark*, 699 P.2d 411, 414 (Colo. 1985). We will not set aside a conviction for lack of evidence because a conclusion different from that reached by the jury might be reached on the same evidence. *People v. Rosenberg*, 194 Colo. 423, 427, 572 P.2d 1211, 1214 (1978). The prosecution in this case presented evidence that the store clerk was taken from the store by Fuller at night and that she was being taken to the dark side of the building. From the evidence, the jury could have fairly concluded that the clerk was placed at a substantially greater risk of harm. The evidence, viewed in the light most favorable to the prosecution, supports Fuller's conviction of second degree kidnapping.

## III.

■ In attacking his aggravated robbery and second degree kidnapping convictions, Fuller argues that the trial court erred by denying his challenges for cause to two prospective jurors. During voir dire, one prospective juror stated that, because of her job in a laundromat where at times she feared for her safety, she sympathized with the victim in this case and that she could not promise that this sympathy would not affect her decision. Upon subsequent questioning by the trial judge, however, she said that she would decide the case on the merits and would not let her sympathy for the victim influence her decision. After his challenge for cause was denied, Fuller exercised one of his peremptory challenges to exclude that prospective juror. Another prospective juror stated that he had been a victim of vandalism and theft and that he believed that persons accused of crimes were accorded too much protection. On further voir dire by the court, that juror stated that he believed an accused was innocent until proven guilty and that he would decide the case on the evidence presented at trial. Fuller requested that the second prospective juror be excused for cause and the trial court denied the challenge. Fuller did not have a peremptory challenge available to exclude the second prospective juror and that juror sat as a member of the jury.

■ The test for determining whether a prospective juror should be disqualified for bias is whether that person will render a fair and impartial verdict according to the law and the evidence presented at trial. *People v. Drake*, 748 P.2d 1237, 1243 (Colo. 1988); *see also* § 16–10–103(1)(j), 8A C.R.S. (1986). The trial court is given broad discretion in ruling on challenges for cause and its decision will not be overturned unless a clear abuse of discretion appears in the record. *People v. Drake*, 748 P.2d at 1243. In deciding the question of bias, the credibility and appearance of veniremen are best observed by the trial court. *Nailor v. People*, 200 Colo. 30, 32, 612 P.2d 79, 80 (1980).

The two prospective jurors who were challenged for cause may have displayed preconceived opinions about crime in general. However, both prospective jurors stated that they would decide the case based on

the evidence submitted at trial and on the law based on the instructions given by the court. *See People v. Russo,* 713 P.2d 356, 362 (Colo.1986) ("[I]t is the trial court's prerogative to give considerable weight to the juror's assurance that he can fairly and impartially serve on the case."). The denial of the challenges for cause in this case was not an abuse of discretion.

## IV.

■ Fuller contends that the trial court erred by refusing to submit to the jury any one of the three instructions on eyewitness identification that he tendered to the trial court. In doing so, he urges us to overrule a line of cases in which we have held that, when the defendant's theory of the case was mistaken identity, a jury need not be instructed on the credibility of eyewitness identification where an instruction is given on the credibility of witnesses in general. *See People v. Vigil,* 718 P.2d 496, 503 (Colo.1986). Here, the trial court properly instructed the jury on the credibility of witnesses and Fuller's claim is without merit.

## V.

■ Fuller claims that the trial court abused its discretion by sentencing him to consecutive terms of thirty years on his second degree kidnapping conviction, twenty years on his aggravated robbery conviction, and six years on his conviction for theft by receiving. In particular, Fuller claims the trial court placed excessive emphasis on the seriousness of the crimes and failed to take into account his rehabilitative potential.

Second degree kidnapping is a class 2 felony if the person kidnapped is a victim of a robbery. Section 18–3–302(3). The presumptive range for a sentence on a conviction for a class 2 felony is from eight to twenty-four years. Section 18–1–105(1)(a)(IV), 8B C.R.S. (1986). Section 16–11–309(1), 8A C.R.S. (1986), the violent

crime sentencing statute in effect at the time Fuller was sentenced,[6] requires a sentence for a class 2 felony in the aggravated range of twenty-four to forty-eight years. Aggravated robbery is a class 3 felony, section 18–4–302(3), with a presumptive sentence range of four to sixteen years. Section 18–1–105(1)(a)(IV). Section 16–11–309(1) calls for a sentence on a class 3 felony conviction in the aggravated range of sixteen to thirty-two years. Theft by receiving is a class 4 felony if the value of the property involved is greater that three hundred dollars but less than ten thousand dollars. Section 18–4–410(4). A sentence on a conviction of a class 4 felony has a presumptive range of two to eight years.

The sentences on Fuller's convictions for second degree kidnapping and aggravated robbery were within the aggravated sentencing ranges required by section 16–11–309. The trial court was required to impose consecutive sentences in the aggravated range on Fuller's second degree kidnapping and aggravated robbery convictions. Section 16–11–309(1)(a). The sentences imposed were in the lower end of the aggravated range and were consistent with the recommendations contained in Fuller's presentence report. In sentencing Fuller, the trial court considered the seriousness of the crimes, the deterrent effect on the community, the safety of the community, and the fact that Fuller was on a deferred sentence at the time of the commission of the robbery and kidnapping. The trial court stated:

> The crimes of which the Defendant was convicted are serious. The defendant was leading the victim away from the scene of the robbery into a dark and relatively secluded area. Had third parties not intervened, the customers who drove up offering the opportunity for the victim to escape, one can only speculate as to what harm might have come to the victim. Whether the fact that harm didn't come to the victim because of the

---

**6.** Section 16–11–309 was amended to change the minimum sentence in the aggravated range to the midpoint of the presumptive range. Section 16–11–309(1)(a), 8A C.R.S. (1989 Supp.). The amendment applies to acts committed on or after July 1, 1988. Ch. 116, sec. 7, 1988 Colo. Sess.Laws, 679, 682.

intervention and the fact the victim was able at that point to escape doesn't mean that these aren't serious crimes and that this is something that can be easily passed by.

People should not be placed in fear for their personal safety or for their life. They shouldn't be terrorized by someone with a knife.

As the district attorney points out, it is important to send a message to the community that armed robbery and kidnapping are not things that will be tolerated. At least for the time the defendant's in custody the community is safe at least from his conduct.

With regard to Fuller's potential for rehabilitation, the trial court stated:

Whether or not the Defendant might be subject to rehabilitation, the Court's not willing to subject the community to the risk of having the Defendant out and wandering around with the potential for committing these kind of crimes at any time in the near future.

 On appellate review of a sentence, the decision of the sentencing court must be accorded deference because of the trial judge's familiarity with the circumstances of the case. *People v. Watkins*, 684 P.2d 234, 239 (Colo.1984). A trial judge has broad discretion when imposing a sentence, and the sentence imposed will not be overturned in the absence of a clear abuse of discretion. *Id.* In exercising sentencing discretion, a trial court must consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public. *E.g., People v. Bruebaker*, 189 Colo. 219, 221, 539 P.2d 1277, 1279 (1975); *see also* § 18–1–102.5, 8B C.R.S. (1986). The sentencing court must "state on the record the basic reasons for imposing the sentence." *People v. Watkins,* 200 Colo. 163, 168, 613 P.2d 633, 637 (1980). If the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case, an appellate

court must uphold the sentence. Only in exceptional cases will an appellate court substitute its judgment for that of the trial court in sentencing matters. *People v. Vigil,* 718 P.2d 496, 507 (Colo.1986). In this case, section 16–11–309 mandated consecutive sentences in the aggravated range. In light of the fact that Fuller was on a deferred felony sentence at the time of the commission of the robbery and kidnapping, and considering the nature of the crimes, the trial court did not abuse its discretion in imposing consecutive sentences for aggravated robbery and second degree kidnapping.

 Fuller also maintains that the trial court erred by failing to set forth reasons for the six year sentence imposed for the theft by receiving conviction and claims an abuse of discretion in requiring that sentence be served consecutively to his other sentences. The record shows that, during the sentencing hearing, the trial court did not separately address the reasons underlying the sentence imposed on the theft by receiving conviction. The trial court's reasoning, as shown in the record, relates to the sentences imposed on the aggravated robbery and second degree kidnapping convictions.

The six-year sentence imposed on the theft by receiving conviction was within the presumptive range for a class 4 felony. However, no reasons for imposing the six year sentence consecutively to the other sentences appear in the record. The trial court erred by failing to set forth the basic reasons for the imposition of the sentence on the theft by receiving conviction. Pursuant to section 18–1–409(3), 8B C.R.S. (1986), we order that the six year sentence imposed on Fuller's conviction for theft by receiving be served concurrently with the sentences imposed on his convictions for aggravated robbery and second degree kidnapping. Accordingly we remand with instructions to amend the mittimus to cause the six year sentence for theft by receiving to be served concurrently with the sentences for aggravated robbery and second degree kidnapping.

## VI.

 Finally, Fuller claims that the statute governing the assertion of the defense of impaired mental condition is unconstitutional. In particular, Fuller claims that the disclosure requirements of section 16–8–103.6, 8A C.R.S. (1989 Supp.), violated his right to effective assistance of counsel because his attorney was uncertain as to whether statements made by Fuller during the course of a pre-arraignment examination would be privileged.[7] Fuller maintains that this uncertainty, compounded by the trial court's refusal to rule on the issue, so "chilled" his attorney's investigation into the existence of a defense of impaired mental condition in this case that his constitutional right to effective assistance of counsel was violated. Additionally, Fuller contends that section 16–8–106(2), 8A C.R.S. (1986), imposed a burden on his constitutional privilege against self-incrimination because it allows a defendant's noncooperation during the course of a court-ordered examination to be admissible in the defendant's trial on the issue of impaired mental condition.[8]

 Fuller did not raise the defense of impaired mental condition subsequent to the denial of his challenge of the constitutionality of the impaired mental condition statute. Fuller does not have standing on appeal to attack the constitutionality of sections 16–8–103.6 and –106. A person challenging the constitutionality of state action must show actual injury to a legally protected interest. *People v. French*, 762 P.2d at 1372; *State Bd. of Community Colleges & Occupational Educ. v. Olson*, 687 P.2d 429, 434 (Colo.1984). In this case, Fuller did not assert the impaired mental condition defense at his arraignment or thereafter. *See* § 16–8–103.6. "It is not our function to 'overturn statutes presumptively valid on the strength of the speculations and conjectures of counsel as to what might happen under them.'" *People v. Mason*, 642 P.2d 8, 12 (Colo.1982) (quoting *Bayly Mfg. Co. v. Department of Employment*, 155 Colo. 433, 395 P.2d 216 (1964)). Fuller did not suffer actual injury from the statutory provisions of which he complains.

Accordingly, we affirm in part, reverse in part, and remand with directions to amend the mittimus to cause the sentence for theft by receiving to run concurrently and not consecutively with the sentences for robbery and kidnapping.

Justice LOHR dissenting:

The majority holds that the defendant lacks standing to challenge the constitutionality of section 16–8–103.6, 8A C.R.S. (1989 Supp.), the statute governing waiver of confidentiality or privilege incident to the assertion of the impaired mental condition defense. I respectfully dissent.

The defendant argues that the statute's waiver provision prevented his attorney from investigating an impaired mental condition defense. He asserts that his attorney was unwilling to investigate this defense because he feared that the results of any psychological examination would not remain confidential. The defendant contends that as a result, his sixth amendment right to effective assistance of counsel was violated.

7. Section 16–8–103.6 provides:

 A defendant who places his mental condition at issue by ... asserting the defense of impaired mental condition pursuant to section 16–8–103.5 ... waives any claim of confidentiality or privilege as to communications made by him to a physician or psychologist in the course of an examination or treatment for such mental condition for the purpose of any trial or hearing on the issue of such mental condition. The court shall order both the prosecutor and the defendant to exchange the names, addresses, reports, and statements of any physician or psychologist who has examined or treated the defendant for such mental condition.

8. Section 16–8–106(2) provides:

 The defendant shall have a privilege against self-incrimination during the course of an examination under this section. The fact of the defendant's noncooperation with psychiatrists and other personnel conducting the examination may be admissible in the defendant's trial on the issues of insanity, competency, or impaired mental condition.

Rather than reach the substance of this claim, the majority holds that the defendant lacks standing. The majority reasons that because the defendant did not assert the impaired mental condition defense, he could not have suffered actual injury from its alleged constitutional deficiencies. This reasoning ignores the substance of the defendant's challenge, which is that the constitutional deficiencies of this defense prevent interested defendants from raising it. A defendant need not risk compromising his defense in order to challenge the constitutionality of a statute. *See Doe v. Dunbar*, 320 F.Supp. 1297, 1300 (D.Colo.1970).

To have standing, a person must show "injury in fact to a legally protected interest." *People v. French*, 762 P.2d 1369, 1372 (Colo.1988). A litigant has standing to challenge a statute when the alleged constitutional defect adversely affects the litigant. *People v. Brown*, 632 P.2d 1025, 1026 (Colo.1981); *People v. Tumbarello*, 623 P.2d 46, 48 (Colo.1981). In evaluating an individual's standing, all of that person's averments of material fact must be assumed to be true. *Colorado General Assembly v. Lamm*, 700 P.2d 508, 516 (Colo. 1985); *Friends of Chamber Music v. City and County of Denver*, 696 P.2d 309, 315 (Colo.1985).

In this case, the defendant asserts an actual injury. He contends that he was convicted through a procedure that denied his sixth amendment right to effective assistance of counsel. Whether the defendant's sixth amendment right was violated in this case is a substantive question. By asserting the violation, however, the defendant has established standing.[1] Having determined that the defendant has standing

to raise his constitutional challenge, I would then reach the merits.

The defendant contends that his attorney refrained from investigating whether the defendant suffered from an impaired mental condition because he was not sure, given section 16–8–103.6, that a psychological examination would remain confidential. The defendant contends that as a result, his sixth amendment right to effective assistance of counsel was violated. The prosecution contends that under section 16–8–103.6 the defendant only waives a claim to confidentiality of the examination to be ordered by the court pursuant to section 16–8–103.5(4), 8A C.R.S. (1989 Supp.). As far as other examinations are concerned, the prosecution contends that only the names, addresses and reports of these other examiners need be disclosed. The prosecution concludes, therefore, that the statute does not violate the defendant's rights.

In evaluating these contentions, I would first interpret section 16–8–103.6. Section 16–8–103.6, 8A C.R.S. (1989 Supp.), provides in pertinent part that:

> [a] defendant who places his mental condition at issue by ... asserting the affirmative defense of impaired mental condition pursuant to section 16–8–103.5 ... waives any claim of confidentiality or privilege as to communications made by him to a physician or psychologist in the course of an examination or treatment for such mental condition for the purpose of any trial or hearing on the issue of such mental condition. The court shall order both the prosecutor and the defendant to exchange the names, addresses, reports, and statements of any physician

---

**1.** The standing doctrine is "designed to ensure that the judicial power is exercised only in the context of a case or controversy." *Colorado General Assembly*, 700 P.2d at 515–16. A defendant, therefore, would lack standing to challenge section 16–8–103.6 if the impaired mental condition defense were irrelevant to that defendant's defense. The pre-trial motions filed by the defendant in this case demonstrate the seriousness of his interest in investigating this defense. Prior to arraignment the defendant filed a motion challenging the constitutionality of the impaired mental condition statute. When the district court upheld the statute, the defendant requested the district court to rule whether the defendant's communication with a psychiatrist prior to the defendant's entry of a plea would be privileged. The district court refused to issue such a ruling. These pretrial motions also add plausibility to the defendant's claim that the statute's ambiguity chilled the exercise of his sixth amendment right to effective assistance of counsel.

or psychologist who has examined or treated the defendant for such mental condition.

In interpreting statutes, our primary task is to determine and effectuate the legislature's intent. *Kane v. Town of Estes Park,* 786 P.2d 412, 415 (Colo.1990). In doing so, we look first to the statutory language. *People v. Morgan,* 785 P.2d 1294, 1297 (Colo.1990). The language of this section seems to imply a waiver of the defendant's claim to confidentiality regarding *any* physician or psychologist consultation in preparation for trial. We should also look to the entire statutory scheme, however, to interpret this provision in a way that harmonizes it with the other elements of the relevant statutes. *People v. District Court,* 713 P.2d 918, 921 (Colo. 1986). Several other provisions are relevant. Section 16–8–103.5, 8A C.R.S. (1986 & 1989 Supp.) provides:

(1) If the defendant intends to assert the affirmative defense of impaired mental condition, he shall indicate that intention to the court and to the prosecution at the time of arraignment; except that the court, for good cause shown, shall permit the defendant to inform the court and the prosecution of his intention to assert the affirmative defense of impaired mental condition at any time prior to trial.

. . . .

(4) When the defendant indicates his intention to assert the defense of impaired mental condition, the court shall order an examination of the defendant pursuant to section 16–8–106. The court shall order both the prosecutor and the defendant to exchange the names, addresses, reports, and statements of persons, other than medical experts subject to the provisions of section 16–8–103.6, whom the parties intend to call as witnesses with regard to the affirmative defense of impaired mental condition.

Section 16–8–108, 8A C.R.S. (1986 & 1989 Supp.), provides:

(1) If the defendant wishes to be examined by a psychiatrist, psychologist, or other expert of his own choice in connection with any proceeding under this article, the court, upon timely motion, shall order that the examiner chosen by the defendant be given reasonable opportunity to conduct the examination.

(2) A copy of any report of examination of the defendant made at the instance of the defense shall be furnished to the prosecution a reasonable time in advance of trial.

These provisions demonstrate that the statutory scheme contemplates psychiatric or psychological examinations conducted by defense experts as well as requiring a court-ordered examination. It may be, therefore, that the section 16–8–103.6 waiver of confidentiality was intended to apply to the court-ordered examinations conducted pursuant to section 16–8–103.5(4) only.

In interpreting statutes we also seek an interpretation that would avoid constitutional defects. *Exotic Coins, Inc. v. Beacom,* 699 P.2d 930, 947–48 (Colo.1985), *appeal dismissed,* 474 U.S. 892, 106 S.Ct. 214, 88 L.Ed.2d 214 (1985). An interpretation of section 16–8–103.6 that would require the defendant to waive his right to confidentiality regarding conversations with a defense expert would violate the sixth amendment.[2] *See Hutchinson v. People,* 742 P.2d 875, 882 (Colo.1987); *Miller v. District Court of City and County of Denver,* 737 P.2d 834, 838–39 (Colo.1987). I would hold, therefore, that section 16–8–103.6 was only intended to waive the privilege of confidentiality arising from communication during a court-ordered examination made for the purpose of a trial or hearing pursuant to section 16–8–103.5(4).

The issue that remains is whether the ambiguity of section 16–8–103.6 nonetheless violated the defendant's sixth amendment right to effective assistance of counsel. Because section 16–8–103.6 is ambiguous, the defendant may have reasonably believed that he was forced to choose between asserting an impaired mental condition defense and maintaining the confi-

2. U.S. Const. amend. VI.

dentiality of any communications he might have with a psychologist. Section 16–8–103.6 thereby effectively chilled his sixth amendment right to effective assistance of counsel.

Accordingly, I would vacate the defendant's conviction and remand the case for retrial, with directions to allow the defen-dant a reasonable opportunity to assert the defense of impaired mental condition.

QUINN, C.J., and KIRSHBAUM, J., join in this dissent.