The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Aaron BLIZZARD, Defendant–Appellant.

No. 92SA385.

Supreme Court of Colorado,
En Banc.

May 10, 1993.

Rehearing Denied June 7, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert Mark Russel, First Asst. Atty. Gen., Katherine M. Clark, John J. Krause, Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, for defendant-appellant.

Chief Justice ROVIRA delivered the Opinion of the Court.

We accepted jurisdiction in this case to examine both the constitutionality of section 18–3–203, 8B C.R.S. (1986), and whether the trial court abused its discretion in sentencing the defendant. We affirm in part and reverse in part.

I

The defendant, Aaron Blizzard, was found guilty of one count of first degree burglary, see § 18–4–202, 8B C.R.S. (1986), a class 3 felony, and one count of second degree assault, see § 18–3–203(1)(g), 8B C.R.S. (1986), a class 4 felony. The trial court sentenced Blizzard to six years in the

department of corrections on each count, the sentences to run concurrently.

## II

### A

■ The defendant argues that the second degree assault statute, § 18–3–203(2)(c), 8B C.R.S. (1986),[1] violates his right to equal protection. Section 18–3–203 provides, in pertinent part:

(1) a person commits the crime of assault in the second degree if:

(a) With intent to cause serious bodily injury to another person, he does cause such injury to any person; or

. . . . .

(g) With intent to cause bodily injury to another person, he causes serious bodily injury to that person or another.

§ 18–3–203, 8B C.R.S. (1986). For persons convicted under subsection –203(1)(a), the presumptive sentencing range is from two to eight years. *See* § 18–3–203(2)(b), 8B C.R.S. (1986); § 18–1–105(1)(a)(IV), 8B C.R.S. (1986). However, under subsection –203(1)(g), the statute mandates a sentence enhancement for a person convicted of the commission of a violent crime, and the trial court is required to sentence a defendant to no less than five years but no more than sixteen years. *See* § 18–3–203(2)(c), 8B C.R.S. (1986); § 16–11–309, 8A C.R.S. (1986). Defendant argues that this sentencing scheme violates his right to equal protection because the culpable mental state under –203(1)(a) (intent to cause serious bodily harm) is greater than the culpable mental state of subsection –203(1)(g) (intent to cause bodily harm); however, the sentencing scheme enhances the sentence for the crime with the less culpable mental state, subsection –203(1)(g). *Compare* § 18–3–203(2)(c), 8B C.R.S. (1986) *with* § 18–3–203(2)(b), 8B C.R.S. (1986).

We addressed the identical issue in *Smith v. People*, 852 P.2d 420 (Colo.1993). There we held that "the sentencing scheme established by section 18–3–203(2)(c), 8B C.R.S. (1986), does not meet the requirements of equal protection." *Smith*, at 422.

Accordingly, we reverse and remand for resentencing in conformity with our opinion in *Smith*.

### B

The defendant also argues that the sentencing court abused its discretion by imposing an excessive sentence because the sentence failed to promote the important goal of rehabilitation and maximized the sentencing objective of punishment. We disagree.

■ A trial court has broad discretion in imposing a sentence because of its familiarity with the circumstances of the case. *People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990). Thus, on appellate review a trial court's decision will be accorded great deference, and "[o]nly in exceptional cases will the appellate court substitute its judgment for that of the trial court in sentencing matters." *Id.* However, this discretion is not unlimited. *People v. Watkins*, 684 P.2d 234, 239 (Colo.1984). As we stated in *Fuller:* "In exercising sentencing discretion, a trial court must consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public." *Fuller*, 791 P.2d at 708. *See Rocha v. People*, 713 P.2d 350, 352 (Colo. 1986). *See also* § 18–1–102.5, 8B C.R.S. (1986) (purposes of sentencing include punishment, fair and consistent treatment of offenders, deterrence, and rehabilitation).

■ Here, the trial court considered a wide range of factors in determining the defendant's sentence. The trial court considered the severity of the offense. It expressly noted that it had to consider what sentence other persons were receiving for similar crimes and the likely deterrent of the sentence imposed on future crime. It considered the message the sentence would communicate to the community. *See Ro-*

---

**1.** Section 18–3–203(2)(c) was amended on June 6, 1991; however, because the offenses in this case occurred on August 7, 1990, the amendments do not apply to the defendant.

*cha,* 713 P.2d at 353 ("The likelihood of depreciating the seriousness of the offense in the eyes of the public is clearly a valid consideration in sentencing."). Additionally, the trial court examined the defendant's character, his likelihood for rehabilitation, and his prior criminal history which included malicious mischief, assault and battery, and disorderly conduct.

We are satisfied that the sentence in question was in conformity with the principal purposes of sentencing and that the trial court was not unmindful of the rehabilitative needs of the defendant. The sentence of the trial court with respect to the burglary conviction is affirmed.