The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Calvin K. YOUNG, Defendant–Appellant.

No. 93CA1095.

Colorado Court of Appeals,
Div. IV.

Nov. 3, 1994.

Rehearing Denied Dec. 8, 1994.

Certiorari Denied May 8, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Calvin Kaleialoha Young, appeals a 16–year sentence imposed as a result of his conviction for reckless manslaughter.

We affirm the sentence and remand for correction of the mittimus.

Defendant fired a rifle at a moving automobile and killed the passenger, a 16-year-old girl. He was originally charged with first degree murder, but the jury found him guilty of reckless manslaughter.

In its presentence report, the probation department recommended against assigning defendant to the Regimented Inmate Training Program (RITP), established pursuant to § 17–27.7–101, et seq., C.R.S. (1994 Cum Supp.).

At sentencing, defendant asked the court to make a specific finding on the mittimus that he was eligible for RITP because he met the four criteria of § 17–27.7–103, C.R.S., which are that: (1) defendant is a nonviolent offender; (2) under 30 years old; (3) who is not serving a sentence for a violent offense as defined in § 16–11–309, C.R.S.; and (4) he does not have a physical or mental defect that could jeopardize his completion of the RITP program.

The trial court agreed the defendant was "technically eligible" for RITP because he was under 30 years of age and because reckless manslaughter is not included as a "crime of violence" under § 16–11–309, C.R.S. (1994 Cum.Supp.). However, the court nevertheless found defendant was "not a reasonable and appropriate candidate for that program." It stated:

> The Court will in its mittimus not recommend this defendant for the regimented treatment program. In the sense that the Court would consider a reduction of sentence upon completion of that program when the Department of Corrections determines that it would be appropriate management at this or some other point to send him through the regimented training program is a decision that I will leave to the department. He's eligible for it. But should they program him for that and send the standard automatic Rule 35 reduction for this Court's ministerial approval, I would not approve it.

The mittimus contains a statement by the trial court that defendant is *ineligible* for RITP.

## I.

Defendant first contends that the trial court exceeded its jurisdiction by including language in the mittimus finding defendant ineligible for RITP. We disagree that reversal is required, but we remand for correction of the mittimus.

Both parties agree that a sentencing court has no authority to assign a defendant to RITP. Rather, such authority has been delegated to the executive director of the Department of Corrections. *See* § 17–27.7–103(1), C.R.S. (1994 Cum.Supp.). However, a trial court does not exceed its authority by making a recommendation to the department, or simply by including on the mittimus a finding as to the defendant's eligibility for RITP. Since the statute permits the executive director to assign only a limited number of nonviolent youthful offenders to the program, and normally such offenders serve a much shorter period of incarceration than they otherwise would serve if sentenced to the Department of Corrections, a trial court's recommendation regarding a particular offender is not inappropriate.

Thus, here, contrary to defendant's assertions, the trial court did not exceed its authority or deny defendant the opportunity to participate in the RITP by refusing to recommend defendant for the program.

However, we do agree with defendant the trial court erred in including language on the mittimus that defendant was ineligible for RITP because that language directly contradicts the court's earlier, oral finding that defendant was "technically eligible" for RITP. On remand, the trial court is directed to correct the mittimus to reflect its oral finding or, in the alternative, it may delete any reference to the defendant's eligibility for RITP. It also may include its recommendation regarding defendant's suitability for RITP.

## II.

Defendant also contends that the trial court abused its discretion in sentencing him to 16 years, the maximum penalty for reckless manslaughter. We disagree.

The trial court has broad discretion in imposing a sentence, *People v. Blizzard,* 852 P.2d 418 (Colo.1993), and the sentence will not be reversed on appeal absent an abuse of discretion. *People v. Fuller,* 791 P.2d 702 (Colo.1990). In selecting an appropriate sentence, the trial court should consider numerous factors including the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for law and the deterrence of crime, and the protection of the public. *People v. Fuller, supra.*

The presumptive sentencing range for reckless manslaughter, a class 4 felony, is two to eight years, but a maximum sentence of 16 years may be imposed if the sentencing court finds aggravating circumstances. *See* §§ 18–1–105(1)(a)(IV) and 18–1–105(6), C.R.S. (1994 Cum.Supp.). When an aggravated sentence is imposed, the trial court must make findings on the record to justify variation from the presumptive sentencing range. *People v. Loomis,* 857 P.2d 478 (Colo. App.1992).

Here, the trial court properly considered the necessary factors and determined that a maximum sentence was appropriate. It included the following reasons for imposing the aggravated sentence: (1) defendant's previous juvenile record for felony menacing; (2) the particularly egregious nature of defendant's crime, including defendant's purposeful aim at moving vehicles and his familiarity with firearms; (3) the complete innocence of the victim; (4) defendant's uncontrollable anger; (5) his lack of any positive social history; and (6) the likelihood that he will continue to be a danger to the public, if released.

The record amply supports the trial court's aggravated sentence. Thus, no abuse of discretion occurred. *See People v. Fuller, supra.*

The sentence is affirmed and the cause is remanded for correction of the mittimus.

MARQUEZ and CASEBOLT, JJ., concur.