23CA1370 Peo v McDonald 05-29-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1370
Jefferson County District Court No. 22CR1193
Honorable Lindsay Van Gilder, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Nicholas McDonald,

Defendant-Appellant.

SENTENCE AFFIRMED

Division VII
Opinion by JUDGE LUM
Lipinsky and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

Philip J. Weiser, Attorney General, Grant R. Fevurly, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Evan W. Jones, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1　　Defendant, Nicholas McDonald, appeals his four-year prison sentence imposed on a jury verdict finding him guilty of felony menacing. We affirm.

## I.　Background

¶ 2　　A jury found McDonald guilty of felony menacing, carrying a concealed weapon, theft, and false reporting of identifying information to law enforcement. The district court sentenced him to four years in community corrections on the felony menacing conviction and to concurrent jail terms on the other convictions. But McDonald was later rejected from community corrections when the facility learned that he was on parole at the time he committed the underlying offenses and was consequently facing a parole violation proceeding. At a resentencing hearing, the court sentenced McDonald to four years in the custody of the Department of Corrections (DOC) on the felony menacing count.

## II.　Legal Authority and Standard of Review

¶ 3　　A person convicted of a felony "shall have the right to one appellate review of the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest." § 18-1-409(1), C.R.S. 2024.

1

¶ 4    "In Colorado, our legislature has established that the purposes of sentencing include: punishment, deterrence, the prevention of crime and the promotion of respect for the law, reduction of the potential that the offender will engage in criminal conduct after completion of his sentence, and rehabilitation." *Sharrow v. People*, 2019 CO 25, ¶ 42 n.7 (citing § 18-1-102.5(1), C.R.S. 2024). Thus, in exercising its sentencing discretion, the district court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, the development of respect for the law, the deterrence of crime, and the protection of the public. *People v. Herrera*, 2014 COA 20, ¶ 17; *People v. Maestas*, 224 P.3d 405, 409 (Colo. App. 2009); *People v. Thoro Prods. Co.*, 45 P.3d 737, 748 (Colo. App. 2001), *aff'd*, 70 P.3d 1188 (Colo. 2003).

¶ 5    "On appellate review of a sentence, the decision of the sentencing court must be accorded deference because of that court's familiarity with the circumstances of the case." *People v. Howell*, 64 P.3d 894, 898 (Colo. App. 2002); *see also People v. Kirby*, 2024 COA 20, ¶ 65. It is this familiarity that places the court "in the best position to fix a sentence that reflects a balance of the

relevant considerations." *People v. Vigil*, 718 P.2d 496, 507 (Colo. 1986); *see also Kirby*, ¶ 65.

¶ 6 Accordingly, a district court has broad discretion when imposing a sentence. *Allman v. People*, 2019 CO 78, ¶ 22. We will not overturn a sentence in the absence of a clear abuse of that discretion. *People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990). "A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair." *Herrera*, ¶ 16.

¶ 7 "If the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case, an appellate court must uphold the sentence." *Fuller*, 791 P.2d at 708.

## III.    Analysis

¶ 8 At the resentencing hearing, McDonald presented mitigating information and requested a two-year DOC sentence. The prosecution requested a four-year DOC sentence, based on the nature of the underlying incident, the fact that McDonald was on parole when he committed the offense, his "concerning criminal history," his "combative" nature, and his failure to "show[] remorse or accountability for his offense."

¶ 9     When imposing the sentence, the district court stated that it had reviewed the presentence investigation report and that it recalled the facts of the underlying incident from the jury trial. The court acknowledged McDonald's military service and his struggles with housing instability. But the court determined that a four-year DOC sentence was warranted due to the nature of McDonald's underlying conduct and his lengthy criminal history. The court further expressed concern regarding McDonald's bond violations and failures to appear for hearings in this matter and noted that the presentence investigation report deemed him to be a "higher risk for community safety issues."

¶ 10    On this record, we are not convinced that the district court's sentencing decision was manifestly arbitrary, unreasonable, or unfair. *See Vigil*, 718 P.2d at 507 ("[W]hile the sentencing judge's discretion is not without limits, only in truly exceptional situations will this court substitute its judgment as to an appropriate sentence for the judgment of the trial court."); *People v. Martinez*, 32 P.3d 582, 584 (Colo. App. 2001) ("Sentencing is by its very nature discretionary, and the trial court, because of its greater familiarity

with the defendant and the circumstances of the case, is a better arbiter of the facts than an appellate court.").

¶ 11     The record reflects that the court properly considered the sentencing factors and determined that the nature of the offense and McDonald's criminal history warranted a prison sentence in the middle, rather than the minimum, of the applicable aggravated sentencing range.  *See* § 18-1.3-401(1)(a)(V.5)(A), (8)(a)(II), C.R.S. 2024 (a defendant convicted of a class 5 felony that was committed while the defendant was on parole for another felony is subject to an aggravated sentencing range of two to six years in the DOC); *Fuller*, 791 P.2d at 708; *Herrera*, ¶ 17 ("A sentence that is within the range required by law and based upon appropriate facts in the record will be upheld."); *see also People v. Wise*, 2014 COA 83, ¶ 33 ("[T]he court need not discuss each [sentencing] consideration[] when imposing a sentence; a reasonable explanation of the sentence suffices."); *People v. Torrez*, 2013 COA 37, ¶ 74 ("A trial court may properly find certain factors to be more compelling than others . . . ."); *People v. Myers*, 45 P.3d 756, 757 (Colo. App. 2001) ("The fact that a sentencing court finds aggravating factors to be more compelling than mitigating factors does not constitute an

abuse of discretion or indicate that the trial court failed to consider evidence of mitigation.").

¶ 12　　We are not otherwise persuaded by McDonald's arguments that the district court's four-year DOC sentence was an abuse of discretion because (1) his parole status was known at the time the court originally sentenced him to community corrections; (2) the court based the prison sentence on the same factors on which it relied to impose the more lenient community corrections sentence; (3) the court failed to take into consideration the unfairness of his rejection from community corrections and need for resentencing; and (4) his requested two-year prison sentence, when combined with the mandatory two years on parole, would be similar to the original four-year community corrections sentence.

¶ 13　　Because McDonald was rejected from community corrections and was not eligible for probation, the district court's only option was to sentence him to prison. *See* § 18-1.3-104(1), C.R.S. 2024. And the court was statutorily authorized to impose any sentence it could have imposed in the original sentencing. *See Romero v. People,* 179 P.3d 984, 986-87 (Colo. 2007).

¶ 14     Given this change in circumstances, we are not convinced that the court's decision to impose a four-year (rather than a two-year) DOC sentence was an abuse of discretion, even if it was based on the same factors that the court considered in imposing the original sentence. *See Herrera,* ¶¶ 20, 22-23 (concluding that the district court did not abuse its discretion when it converted a six-year community corrections sentence to a six-year DOC sentence "in light of the factors it originally considered" and rejecting the defendant's assertion that the DOC sentence was "too severe" because the sentence "was based on appropriate considerations and [wa]s within the applicable sentencing range" and because mandatory parole is separate from, and does not constitute an increase to, a DOC sentence).

IV.   Disposition

¶ 15     The sentence is affirmed.

JUDGE LIPINSKY and JUDGE PAWAR concur.

7