23CA0321 Peo v Beddingfield 11-13-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0321
El Paso County District Court No. 20CR2658
Honorable Lin Billings Vela, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Christopher Paul Beddingfield,

Defendant-Appellant.

---

SENTENCE AFFIRMED

Division V
Opinion by JUDGE PAWAR
Freyre and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 13, 2025

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Adrienne R. Teodorovic, Alternate Defense Counsel, Windsor, Colorado, for Defendant-Appellant

¶ 1     Defendant, Christopher Paul Beddingfield, appeals the sentence entered by the district court after he pled guilty to possession with intent to distribute a controlled substance. We affirm.

## I.     Background

¶ 2     Beddingfield was charged with possession with intent to distribute a controlled substance and other offenses after police saw him driving a vehicle that had been reported stolen and subsequently found 14.9 grams of methamphetamine in his pocket. In a separate case a year and a half later, he was charged with felony menacing based on allegations that he and another man went to a victim's home and the other man pointed a handgun at the victim.

¶ 3     Beddingfield pled guilty to both crimes in a global plea disposition — he stipulated to an open sentence of six to sixteen years in the custody of the Department of Corrections for possession and six years in custody for menacing. The prosecution dismissed multiple other charges in exchange for Beddingfield's guilty pleas, and the parties agreed that the sentences would run concurrently.

¶ 4     The district court heard argument and entered sentences in both cases during a single hearing.  Based on Beddingfield's extensive criminal history, the prosecution requested a fourteen-year sentence for possession with intent to distribute.  Defense counsel argued that Beddingfield's prior offenses were a result of his addiction and argued for a six-year sentence.

¶ 5     The district court accepted the stipulated six-year sentence for menacing and sentenced Beddingfield to a concurrent term of twelve years in prison for possession with intent to distribute. Beddingfield appeals this latter sentence, arguing that the court imposed it in an illegal manner because it relied exclusively on information related to his menacing conviction rather than the facts related to the possession offense.  Beddingfield also argues that the court imposed multiple punishments for menacing in violation of double jeopardy.  We disagree with Beddingfield's arguments and affirm.

## II.     Standard of Review

¶ 6     A district court has broad discretion when imposing a sentence, and we will not overturn the sentence imposed absent a clear abuse of that discretion.  *People v. Fuller*, 791 P.2d 702, 708

(Colo. 1990). While the court need only state on the record the basic reasons for the sentence, it must consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public. *Id.* The court is "largely unlimited" as to other information it may also consider, including the defendant's criminal history. *People v. Hernandez-Clavel,* 186 P.3d 96, 98 (Colo. App. 2008) (citation omitted); *see People v. Tallwhiteman,* 124 P.3d 827, 837 (Colo. App. 2005).

¶ 7 "If the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case," we must uphold it. *Fuller,* 791 P.2d at 708.

### III. Discussion

¶ 8 Because Beddingfield was sentenced within the range to which he stipulated in his plea agreement, he has no right to appeal the propriety of the sentence itself. § 18-1-409(1), C.R.S. 2025. He may, however, appeal the manner in which his sentence was imposed, including by challenging the sufficiency and accuracy of

the information on which the sentence was based. *Sullivan v. People*, 2020 CO 58, ¶¶ 3-4.

¶ 9    Beddingfield argues that the court imposed his twelve-year possession sentence in an illegal manner by basing it solely on the facts of an unrelated, subsequent crime for which he stipulated to a lesser six-year sentence. But the court's sentence for possession was not based exclusively on the menacing conviction. For instance, the court noted that Beddingfield was remorseful and accountable to some extent, but it expressed concern about "some minimization" of the possession offense in the presentence investigation report. It also expressed concern about Beddingfield's criminal history, which included nine prior felony convictions.

¶ 10   Beddingfield argues that the court could not have based his sentence for possession on his criminal history because it viewed his prior felonies, which were primarily drug and property-related offenses, as a mitigator. In other words, according to Beddingfield, because his nine prior felonies served only to mitigate his sentence, the only way the court could have reached such a high sentence for possession was based on the menacing conviction. But while the court considered the nature of his prior felonies as a mitigator, it

also took into account the large number of them as a reason to impose a harsher sentence. As we read the record, it appears the court properly balanced the competing considerations before it, recognizing that while much of Beddingfield's criminal history was nonviolent, it was also extensive. The fact that the court considered not just Beddingfield's latest menacing conviction but all of his criminal history defeats his double jeopardy argument.

¶ 11 We take Beddingfield's point that the court considered the severity of his menacing conviction when deciding a sentence for possession. But despite his arguments, the court was within its rights to do so. *See Tallwhiteman*, 124 P.3d at 837 (a sentencing court may even consider conduct for which the offender was never charged, for which charges were filed but later dismissed as part of a plea agreement, or for which the offender was charged and subsequently acquitted). Far from being unconstitutional, we conclude that the court's reference to the gravity and severity of Beddingfield's menacing conviction, particularly in view of the nonviolent crimes that preceded it, suggests an appropriate consideration for Beddingfield's developing character, rehabilitative

potential, and respect for the law, as well as the need for protection of the public.  *See Fuller*, 791 P.2d at 708.

¶ 12    Ultimately, the court found that it "want[ed] to acknowledge the accountability and the remorse.  But to simply run co-equal sentences concurrently doesn't reflect the serious and separate nature of the offenses."  To the extent these comments suggest that the court was improperly considering Beddingfield's overall sentences for both charges together, they are insufficient to warrant reversal.  When a sentencing court finds that several factors justify a sentence, "only one of those factors need be legitimate to support [the] court's decision."  *People v. Eurioste*, 12 P.3d 847, 851 (Colo. App. 2000) (citing *People v. Broga*, 750 P.2d 59, 62 (Colo. 1988)).

¶ 13    Because the record as a whole — including Beddingfield's minimization of his offense, extensive criminal history, and progression from drug and property-related offenses to violent offenses — supports Beddingfield's sentence, we will not disturb it.

IV.    Disposition

¶ 14    The sentence is affirmed.

JUDGE FREYRE and JUDGE YUN concur.