24CA1473 Peo v Rico 02-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1473
Fremont County District Court No. 22CR432
Honorable Kaitlin B. Turner, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Nathan Rico,

Defendant-Appellant.

SENTENCE VACATED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE LIPINSKY
Tow and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Christina Van Wagenen,
Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    After Nathan Rico pleaded guilty to attempted sexual assault, the district court imposed the parties' stipulated sentence — three years in the custody of the Department of Corrections (DOC).  In this appeal, Rico challenges (1) the court's decision to order this sentence to run consecutively to the prison sentences he was serving in unrelated cases and (2) the court's order denying his request to note on his mittimus that he had spent 567 days in presentence confinement.

¶ 2    Because we agree with Rico's first contention, we vacate his sentence and remand the case to the district court for a new sentencing hearing.  In light of that decision, we do not reach, and express no opinion on, Rico's presentence confinement argument.

I.    Consecutive Sentencing

¶ 3    Rico asserts that the district court abused its discretion because it did not explain its decision to order his three-year sentence to run consecutively to the prison sentences imposed in his other cases.  We agree that the court did not provide the required explanation for the consecutive sentence.

1

## A. Statutory Bar

¶ 4     As a threshold matter, we reject the People's assertion that section 18-1-409, C.R.S. 2025, bars Rico's challenge to his sentence.

¶ 5     Section 18-1-409(1) permits a defendant to seek review of "the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based."

¶ 6     But "if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence." *Id.* This exception to the right to appellate review has been referred to as the "plea proviso." *Sullivan v. People*, 2020 CO 58, ¶ 1, 465 P.3d 25, 26.  And while the plea proviso, if applicable, bars review of the propriety of the sentence, it does not bar review of the propriety of the *manner* in which the sentence was imposed.  *Id.* at ¶ 26, 465 P.3d at 31.

¶ 7     The parties dispute whether Rico is challenging the propriety of the sentence or the manner in which the sentence was imposed.

We need not resolve this dispute, however, because even if Rico's claim is cognizable as a challenge to the sentence's propriety, we are not convinced that the plea proviso bars our review.

¶ 8    The plea agreement specified that "[Rico] w[ould] serve 3 years in the [DOC]" and that the sentence "shall run . . . [c]oncurrent[ly] or consecutive[ly] at the discretion of the [c]ourt." Thus, although the parties agreed to a specific length and type of sentence, they expressly left the consecutive or concurrent nature of the sentence to the court's discretion. Because concurrent or consecutive sentencing was not "within a range agreed upon by the parties pursuant to a plea agreement," we disagree that the plea proviso bars our review of the court's decision to order the stipulated sentence to run consecutively to Rico's unrelated sentences. § 18-1-409(1); *see People v. O'Dell*, 53 P.3d 655, 657 (Colo. App. 2001) (holding that the plea proviso did not apply because "[t]he plain language of [section] 18-1-409(1) requires an agreement by the parties to a sentencing range" and "there is no indication in the record that [the] plea agreement included any type of agreed sentencing range or cap").

B.     The Required Explanations for Sentences in Felony Cases

¶ 9     "On appellate review of a sentence, the decision of the

sentencing court must be accorded deference because of the trial

judge's familiarity with the circumstances of the case." *People v.*

*Fuller*, 791 P.2d 702, 708 (Colo. 1990). This familiarity places the

court "in the best position to fix a sentence that reflects a balance of

the relevant considerations." *People v. Vigil*, 718 P.2d 496, 507

(Colo. 1986). Accordingly, a court has broad discretion when

imposing a sentence. *Allman v. People*, 2019 CO 78, ¶ 22, 451 P.3d

826, 831-32. We will not overturn a sentence in the absence of a

clear abuse of that discretion. *Fuller*, 791 P.2d at 708.

¶ 10     A court abuses its discretion when its decision is manifestly

arbitrary, unreasonable, or unfair, or when it fails to exercise its

discretion due to its erroneous construction of the law. *People v.*

*Herrera*, 2014 COA 20, ¶ 16, 343 P.3d 1012, 1015. A court also

abuses its discretion if it does not adequately explain the reasons

for its sentence. *See People v. Watkins*, 613 P.2d 633, 637 (Colo.

1980). This includes explaining the reasons for ordering that a

sentence be served consecutively to other sentences. *Fuller*, 791

P.2d at 708. "The statement of reasons need not be lengthy, but

should include the primary factual considerations bearing on the judge's sentencing decision." *Watkins*, 613 P.2d at 637.

### C. Facts

¶ 11 The sex offender adult pre-sentence investigation report (PSIR) on, and the sex offense-specific evaluation (OSE) of, Rico noted that he denied sexually assaulting the victim and only agreed to the plea deal to resolve the charges. The affidavit in support of the warrant for Rico's arrest contained (1) the victim's husband's allegation that he caught Rico sexually assaulting the victim and (2) test results confirming that Rico's DNA was found on swabs taken from the victim. The PSIR and OSE indicated that Rico was in "Level 3: High Denial" and was at a high risk for reoffending. At sentencing, the prosecutor asked the district court to impose the stipulated three-year DOC sentence but expressed concern about Rico's denial of responsibility. Notably, the prosecutor did not ask the court to impose, and did not present an argument for imposition of, a sentence that was consecutive to his sentences in his other cases.

¶ 12 Defense counsel acknowledged Rico's denial of the incident and noted that he would be eligible for treatment while in the DOC. Counsel asked the court to run the three-year DOC sentence

5

concurrently to Rico's other prison sentences because, while in custody on the other sentences, Rico had been participating in programs intended to help him succeed once he was released.

¶ 13　　Following the arguments of counsel, the court explained why it was sentencing Rico to the custody of the DOC, as the plea agreement specified; the reasons it was imposing a sentence of three years in the custody of the DOC followed by two years of mandatory parole; why it was not designating Rico a sexually violent predator (SVP); and why Rico would need to register as a sex offender:

> Court has reviewed the [PSIR], one with the [OSE] received from Probation.
>
> I've also reviewed the SVP assessment screening instrument plea agreement here. It's a stipulated 3[-]year [DOC] sentence.
>
> I do find a DOC sentence is appropriate for [Rico]. On count 1, the Court will sentence him to 3 years in [DOC] to be followed by 2 years of mandatory parole. There is a finding that this was a sexual offense.
>
> The SVP screening instrument does show that he could meet criteria for SVP, but I think [defense counsel]'s correct that the relationship criteria would not be met in this case, so we will not apply SVP status to [Rico] in this case.

> He'll be required to register as a sex offender
> as statutorily required upon his release.

But the court provided no findings to support, or any explanation for, its ruling that "[t]he sentence is going to run consecutive[ly] to his other cases."

> ### D. The Court Erred by Not Making Findings to Support Its Consecutive Sentencing Decision

¶ 14 In *Watkins*, the supreme court announced a new rule: "[H]ereafter in felony convictions involving the imposition of a sentence to a correctional facility the sentencing judge [must] state on the record the basic reasons for the imposition of sentence." 613 P.2d at 637. The court explained the reasoning underlying its decision:

> The failure of a sentencing judge to state on the record the basic reasons for the selection of a particular sentence creates a burdensome obstacle to effective and meaningful appellate review of sentences. If appellate review of felony sentences is to satisfy its stated objectives, it requires that the sentencing judge state on the record the basic reasons for imposing the sentence. This requirement is particularly essential in those cases where the sentence involves a very restrictive form of deprivation, such as a term of confinement to a correctional facility.

*Id.* at 636-37 (footnotes and citations omitted).

¶ 15   The court further noted that requiring explanations for sentences in felony cases not only assists the appellate courts, but it

- serves as "'a powerful safeguard against rash and arbitrary decisions' at this crucial stage of the criminal process when the defendant's liberty is at stake," *id.* at 637 (quoting *United States v. Brown,* 479 F.2d 1170, 1172 (2d Cir. 1973));

- fosters "consistency and fairness by minimizing the risk that the sentencing judge might have acted on inaccurate or unreliable information," *id.*;

- "assist[s] the defendant in making an informed decision on whether to seek an appellate review of his sentence, and thereby afford him an opportunity to assert grievances he may have regarding his sentence," *id.*;

- "can have therapeutic value for the defendant" in "many cases," *id.*; and

- "may prove beneficial to correctional authorities in determining the place and type of institutional

confinement suited to the defendant's correctional needs," *id.*

¶ 16 Divisions of this court have rejected challenges to a consecutive sentence when the sentencing court, unlike the court in this case, provided some explanation for its decision. For example, in *People v. Herrera*, the prosecutor argued that "consecutive sentences are only appropriate because there are multiple victims and it's appropriate to impose a lengthy sentence for each one of them." 2012 COA 13, ¶¶ 48-49, 272 P.3d 1158, 1167. The court then imposed consecutive sentences based on its findings that "'the nature of the offenses . . . by their very definition, [were] aggravated' because they 'occurred over some period of time with respect to both victims' and involved more than just sexual touching." *Id.* The division held that the court did not err by imposing consecutive sentences and noted that, "[w]hile it might have been preferable for the trial court to express more clearly why it imposed consecutive sentences on [the defendant], we are able to glean from these portions of the record the trial court's reasons." *Id.* at ¶ 50, 272 P.3d at 1167.

¶ 17    Similarly, in *People v. Quintano*, the division affirmed the court's imposition of a consecutive sentence based on its findings that "the sentence was justified by the seriousness of the offenses, defendant's criminal history, . . . the Probation Department's determination that [the defendant] presented a 'great risk to community safety,' and [the Department's] recommendation" of a consecutive sentence. 81 P.3d 1093, 1099 (Colo. App. 2003), *aff'd*, 105 P.3d 585 (Colo. 2005). The division explained that the court "was sufficiently specific in its findings to provide a basis for review, and the sentence [was] within the range required by law, based on appropriate considerations as reflected in the record, and factually supported by the circumstances of the case." *Id.* at 1099-1100.

¶ 18    And in *People v. Lopez*, the division concluded, "[I]t is evident from the court's explanation of its sentencing decision that the court ordered this sentence to be served consecutively so that defendant received a separate punishment for his controlled substance offense." 97 P.3d 223, 227 (Colo. App. 2004), *aff'd on other grounds*, 113 P.3d 713 (Colo. 2005).

¶ 19    Unlike *People v. Edwards*, this is not a case in which the court gave an explanation for imposing a consecutive sentence, but the

record did not support that explanation. 598 P.2d 126, 130 (Colo. 1979). Here, the sentencing court provided no explanation for its determination that "[t]he sentence is going to run consecutive[ly] to [Rico's] other cases." This type of conclusory pronouncement falls short of the statement of the "basic reasons for the imposition of sentence" that the supreme court requires. *Watkins*, 613 P.2d at 637. The court's lack of an explanation for the consecutive sentence renders "effective and meaningful appellate review" of the sentence difficult, if not impossible. *Id.* at 636. Thus, we hold that the court abused its discretion when it imposed a consecutive sentence.

¶ 20 We acknowledge that in *Edwards* and *Fuller* after determining that the district court did not provide a sufficient explanation for its decision to impose a consecutive sentence, the appellate courts entered a concurrent sentence. *See Edwards*, 598 P.2d at 130; *Fuller*, 791 P.2d at 708. Rather than scouring the record to make our own sentencing decision, we exercise our authority under section 18-1-409(3) to vacate Rico's sentence and remand the case for a new sentencing hearing at which the district court must "state on the record the basic reasons for the imposition of [the] sentence."

*Watkins*, 613 P.2d at 637; § 18-1-409(3) (providing that a reviewing court is authorized to affirm a felony sentence; substitute the sentence with any penalty, subject to some exceptions, that was open to the sentencing court; "or remand the case for any further proceedings that could have been conducted prior to the imposition of the sentence under review, and for resentencing on the basis of such further proceedings").

## II.    Disposition

¶ 21    Rico's sentence is vacated, and the case is remanded to the district court for a new sentencing hearing consistent with this opinion.

JUDGE TOW and JUDGE TAUBMAN concur.