The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Richard Lee HAMLING, Defendant-Appellant.

Nos. 80CA0428, 80CA0305.

Colorado Court of Appeals, Div. III.

July 23, 1981.

Rehearing Denied Aug. 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., R. Michael Mullins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael J. Gallagher, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

This is a review of a sentence which is beyond the statutorily-established presumptive range. We approve the sentence and affirm the judgment.

Following defendant's plea of guilty to a charge of first-degree sexual assault, the trial court sentenced defendant to a sixteen-year term of imprisonment. In case number 80CA0428, defendant seeks, as of right, adversary appellate review of that sentence. See § 18–1–409, C.R.S. 1973 (1980 Cum.Supp.); C.A.R. 4. Number 80CA0305 is the automatic non-adversary review of the same non-presumptive penalty sentence. See § 18–1–409.5, C.R.S. 1973 (1980 Cum.Supp.); C.A.R. 4. Pursuant to defendant's request, the two cases were consolidated; accordingly, we now consider them together.

As applicable here, first-degree sexual assault is a class 3 felony. Section 18–3–402(2), C.R.S. 1973 (1978 Repl. Vol. 8). The presumptive penalty range for a class 3 felony is four to eight years of imprisonment plus one year of parole. Section 18–1–105(1)(a), C.R.S. 1973 (1980 Cum.Supp.).

The trial court may not impose a sentence beyond that presumptive range "unless it concludes that extraordinary . . . aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of [the Colorado Criminal Code] with respect to sentencing as set forth in section 18–1–102.5." Section 18–1–105(6), C.R.S. 1973 (1980 Cum.Supp.). If the trial court finds such extraordinary aggravating circumstances, "it may impose a sentence which is . . . greater than the presumptive range; except that in no case shall the term of sentence be greater than twice the maximum . . . term authorized in the presumptive range for the punishment of the offense." Section 18–1–105(6), supra.

It is therefore apparent that defendant's sentence, insofar as the term of imprisonment is concerned, is the maximum

a trial court, upon a conclusion that extraordinary aggravating circumstances are present, may impose as to class-3-felony first-degree sexual assault.

## I.

■ On these reviews, defendant contends first that the trial court erred in imposing a sentence beyond the presumptive range without first making specific and detailed findings of "extraordinary" aggravating circumstances as required by statute. See § 18–1–105(6), *supra; see also* § 18–1–105(7), C.R.S. 1973 (1980 Cum.Supp.); *People v. Abila*, Colo.App., 606 P.2d 81 (1980). In this regard, defendant notes that, in justifying the extended sentence, the trial court couched its findings in terms of mere "aggravation," rather than "extraordinary aggravation." In essence, defendant argues that since the trial court did not use the phrase "extraordinary aggravation," the court was precluded from entering a sentence beyond the presumptive range. Defendant's argument is devoid of merit.

The trial court prefaced its justification for the sentence here in question with the observation that it "is the highest sentence that can be imposed in a case of this kind." The court then proceeded to list the reasons it thought to justify the extended sentence.

Where, as here, the trial court imposes a sentence beyond the presumptive range, and in so doing enters specific and detailed written findings as to the circumstances the court finds to support such an extended sentence, it is self-evident that the court regards such circumstances as extraordinary in nature. Contrary to defendant's position, a trial court need not recite shibboleths in order to validate the sentence it imposes. To hold otherwise would be to exalt form over substance. See *People v. Harris*, Colo.App., 633 P.2d 1095 (1981); *see generally Fresquez v. People*, 178 Colo. 220, 497 P.2d 1246 (1972).

Under the circumstances here, it is not reasonable to assume that the trial court ignored the statutory criterion that the aggravating circumstances be extraordinary ones.

## II.

■ The pertinent inquiry does not ultimately concern the language the court used, but, rather, relates to whether the circumstances the court found and the evidence upon which such findings rest are sufficient to justify the sentence imposed. As to this inquiry, defendant contends that, in justifying the sentence here at issue, the trial court relied upon a circumstance (namely, defendant's allegedly poor prognosis for rehabilitation) which § 18–1–105(1)(b), C.R.S. 1973 (1980 Cum.Supp.) excludes from a trial court's consideration with respect to the question as to the length of sentence to be imposed. There is no merit to this argument.

We agree with the People's contention that a fair reading of the trial court's findings demonstrates that the defendant's poor prognosis for rehabilitation was the major factor in the trial court's decision to *deny probation*.

To the extent, however, that the trial court found defendant's rehabilitation prospects also to be one of several extraordinary aggravating circumstances, the court did not err. Section 18–1–105(1)(b), C.R.S. 1973 (1980 Cum.Supp.) precludes consideration of the potential for future criminality in imposing sentence only if the determination that such potential exists is not based on defendant's prior criminal conduct.

Here, the People contend, and we agree, that the reports upon which the trial court relied in concluding that defendant's prognosis for rehabilitation was poor were based in significant measure upon defendant's extensive prior criminal record. Therefore, the trial court acted within the bounds of the statute in considering defendant's rehabilitation prognosis as one circumstance, among others, supporting imposition of a sentence beyond the presumptive range. See *generally People v. Gonzales*, Colo.App., 613 P.2d 905 (1980).

■ Having reviewed the record of the sentencing hearing, the court-ordered psychiatric reports, and the specific written

findings made by the sentencing court, we conclude that the sentence imposed is justified by the record, and is consistent with the purposes of § 18–1–102.5, C.R.S. 1973 (1980 Cum.Supp.).

Sentence approved as to both reviews and judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.