**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Thomas B. HORNE, Defendant-Appellant.**

**No. 82SA335.**

Supreme Court of Colorado,
En Banc.

Jan. 31, 1983.

Rehearing Denied Feb. 22, 1983.

---

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

ROVIRA, Justice.

The defendant, Thomas B. Horne, was convicted of aggravated robbery and first-degree criminal trespass. He was sen-tenced to a term of not less than fourteen nor more than eighteen years for aggravated robbery, and an indeterminate to five-year term for criminal trespass, the sentences to run consecutively.

The defendant appealed his convictions and also claimed that the sentences imposed were excessive. In *People v. Horne,* 619 P.2d 53 (Colo.1980), his convictions were affirmed. Because the presentence investigation report was not made part of the record on appeal and there were no specific findings of the trial court on the applicability of sentencing criteria other than the nature of the crime, we vacated the sentences imposed and remanded for resentencing or for a statement of justification for the sentences imposed.

At the resentencing hearing, a fellow prisoner of the defendant testified that the defendant was not a violent person and had gained the respect of fellow prisoners without resorting to violence. Horne admitted committing the aggravated robbery and apologized for his actions.

The trial court reduced the sentence for aggravated robbery to eight to fourteen years and ordered that the criminal trespass sentence be served concurrently with it. In support of its order, the trial court noted that defendant used a sawed-off shotgun in the commission of the robbery, the shotgun was discharged, and the victim was injured. Further, it was noted that the defendant was on bond in another case when he committed the robbery.[1]

The defendant urges us to reverse the sentence imposed on the ground that the trial court abused its discretion in failing to consider his rehabilitation interests and in giving undue weight to the nature of the offense. This we decline to do.

As has often been stated, sentencing is by its very nature a discretionary deci-

---

1. The presentence report, which was available to the trial judge at the original sentencing hearing on August 15, 1978, and at the resentencing hearing on October 16, 1981, reflects that the defendant was charged with first-degree criminal trespass in August 1977 and released on bond a few days later. While on bond, he committed the aggravated robbery for which he was convicted in 1978. *See People v. Horne, supra.* In July 1978, prior to the original sentencing hearing, the defendant entered a plea of guilty to the 1977 criminal trespass charge.

sion, and many factors must be considered in arriving at a decision that protects the rights of society and the defendant. *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).

Based on the record before us, which reflects a long history of drug and alcohol abuse as well as the commission of a violent crime while on bond, we cannot say that the trial court abused its discretion.[2] While it is true that rehabilitation should be a factor in the decision-making process, it is only one of many considerations that must be weighed. *See Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979).

The trial court, in substantially reducing the defendant's sentence, gave appropriate and adequate consideration to the needs of both society and the defendant and imposed a sentence that reflects a careful and considered balancing of those interests.

Judgment affirmed.

2. At the resentencing hearing, counsel for the defendant suggested that a sentence of four to eight years would be appropriate, but recognized that such a sentence was not legally available and the minimum sentence would have to be five years. At the time the aggravated robbery was committed, the permitted penalty was five to forty years. *See* section 18–1–105, C.R.S.1973 (1978 Repl.Vol. 8).