The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Daniel J. VELA, Defendant-Appellant.

No. 84CA1305.

Colorado Court of Appeals, Div. II.

Nov. 21, 1985.

Rehearing Denied Dec. 19, 1985.

Certiorari Denied (Vela) March 17, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Miller & Leher, J. Matthew DePetro, Littleton, for defendant-appellant.

STERNBERG, Judge.

Defendant Daniel J. Vela appeals the sentence of twenty years imprisonment imposed upon him following a plea of guilty to second degree murder. Defendant's principal argument is that the trial court erred in sentencing him to a term beyond the presumptive range, based on extraordinary aggravating factors, because it relied on information not presented at the sentencing hearing in making the sentencing decision. We affirm.

An altercation occurred between defendant, his two companions, and one James Darr and his eighteen-year-old nephew, Christopher Matalski. A fight ensued, during which Matalski was violently stabbed three times by defendant while being held immobilized on the ground by two of defendant's companions. Matalski died of his wounds. Defendant was charged with first degree murder of Matalski and attempted first degree murder of, and first degree assault on, Darr. After trial, judgment of conviction was entered following a jury verdict of guilty on all three counts.

Shortly after completion of these proceedings, however, the trial court granted a new trial based on the misconduct of both counsel. Plea negotiations ensued, resulting in an agreement whereby defendant was to plead guilty to second degree murder in exchange for dismissal of the original charges. Second degree murder is punishable by imprisonment within a presumptive range of eight to twelve years, *see* § 18–3–103(1)(a), C.R.S. (1978 Repl. Vol. 8) and § 18–1–105, C.R.S. (1985 Cum.Supp.). The agreement contemplated no sentencing concessions.

At a combined providency and sentencing hearing, defendant entered a plea of guilty to this charge, and the court accepted the plea based upon facts adduced in testimony during the trial. Defendant accepted this use of trial evidence. On inquiry by the court, both the People and the defendant agreed to proceed to sentencing immediately. No presentence report had been prepared because defendant had refused, on advice of counsel, to confer with probation authorities. The court noted its absence, and defendant explicitly stated that he had no objection to proceeding to sentencing in these circumstances.

The court sentenced defendant to twenty years imprisonment, a term eight years beyond the presumptive range. This decision was made after legal argument and after presentation of testimony that defendant had made positive changes in his life. Both counsel specifically addressed the significance of the circumstances of the offense solely by reference to evidence tak-

en at trial. The court made a specific finding of aggravating circumstances based on the manner of Matalski's murder.

Defendant argues that the trial court abused its discretion in imposing a sentence beyond the presumptive maximum. He contends, first, that the court erred in relying on evidence presented at trial but neither included in a presentence report nor adduced in the sentencing portion of the combined providency and sentencing hearing. Second, he contends that the court failed to make specific findings of extraordinary aggravating circumstances as required by § 18–1–105(7), C.R.S. (1985 Cum. Supp.). We disagree.

■ Imposition of a sentence outside the presumptive range is permitted if the court finds "that extraordinary mitigating or aggravating circumstances are present, [and] are based on evidence in the record of the sentencing hearing and the presentence report...." Section 18–1–105(6), C.R.S. (1985 Cum.Supp.). When a sentence outside the presumptive range is imposed, the court is required to place on the record its findings as to the aggravating or mitigating circumstances that justify variation from the presumptive range. Section 18–1–105(7), C.R.S. (1985 Cum.Supp.). *See also People v. Watkins*, 200 Colo. 163, 613 P.2d 633 (1980) (record must disclose "basic reasons," including "primary factual considerations," justifying sentencing decision).

■ Sentencing is a matter within the sound discretion of the trial court; sentencing judges are given wide latitude in arriving at a decision that will accommodate the interests of both society and the defendant. *See People v. Horne*, 657 P.2d 946 (Colo. 1983); *People v. Hotopp*, 632 P.2d 600 (Colo.1981). Absent a showing that the trial court has clearly abused its statutorily limited discretion, its sentencing decisions will not be overturned on appeal. *See People v. Watkins*, 684 P.2d 234 (Colo.1984); *People v. District Court*, 673 P.2d 991 (Colo.1983).

■ There was no abuse of discretion in the context of this case. The trial court's acceptance of defendant's guilty plea, based on the evidence heard at the earlier trial as urged by the defendant, effectively incorporated the trial record, or at least the court's knowledge of the trial evidence, into the record of the combined providency and sentencing hearing. No presentence report was produced for the record at least in part because of the defendant's refusal to cooperate, and, significantly, defendant stated no objection to proceeding to sentencing without one. Moreover, during the sentencing portion of the hearing, defense counsel based his argument for a presumptive range sentence on evidence adduced at trial.

"In the exercise of the difficult discretionary function of imposing sentence upon a ... confessed criminal, the sentencing judge is entitled to all the help he can get." *United States v. Majors*, 490 F.2d 1321 (10th Cir.1974). To vacate this sentence on the ground urged by defendant would be to allow him to use the evidence adduced at trial and the court's knowledge of this evidence to suit his purposes in making a record, but to block any use of this vital information in informing the discretion of the court at sentencing. The record demonstrates unequivocally that defendant, the People, and the court all relied on the facts of this case as they evolved at trial to provide a foundation for the proceedings at issue.

Further, the trial court clearly identified specific facts surrounding the killing of Matalski as aggravating circumstances justifying its sentencing decision. Although these facts were not labelled "extraordinary aggravating circumstances," the court's findings meet the requirement of § 18–1–105(7), C.R.S. (1985 Cum.Supp.). *See People v. Hamling*, 634 P.2d 1023 (Colo.App.1981).

Defendant's other contentions are without merit.

Accordingly, the sentence is affirmed.

SMITH and VAN CISE, JJ., concur.