The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Esteban HERNANDEZ–LUIS,
Defendant–Appellant.

No. 92CA0501.

Colorado Court of Appeals,
Div. V.

Feb. 10, 1994.

As Modified on Denial of Rehearing
March 10, 1994.

Certiorari Denied Sept. 12, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy

M. Tymkovich, Sol. Gen., Jonathan A. Abbott, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Esteban Hernandez–Luis, appeals from the sentence imposed following his entry of a plea of guilty to a vehicular homicide committed on June 13, 1991. We affirm.

Defendant maintains the trial court erred by imposing the maximum aggravated sentence of eight years provided for a conviction of a class 5 felony offense pursuant to § 18–1–105(1)(a)(IV), C.R.S. (1993 Cum.Supp.) and § 18–1–105(6), C.R.S. (1986 Repl. Vol. 8B). We disagree.

A trial court may impose a sentence outside the applicable presumptive range only if, based on evidence in the record of the sentencing hearing and the presentence report, extraordinary aggravating or mitigating circumstances are present. Section 18–1–105(1)(b)(I), C.R.S. (1993 Cum.Supp.); § 18–1–105(6), C.R.S. (1986 Repl. Vol. 8B); *People v. Walker*, 724 P.2d 666 (Colo.1986).

■ The trial court may properly consider the defendant's criminal history in its determination of extraordinary circumstances. *Flower v. People*, 658 P.2d 266 (Colo.1983). Rehabilitation is only one of many factors that must be weighed in sentencing, *People v. Horne*, 657 P.2d 946 (Colo. 1983), and the fact that a sentencing court finds aggravating factors to be more compelling than mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitigation. *See Rocha v. People*, 713 P.2d 350 (Colo.1986).

■ When a sentence outside the presumptive range is imposed, the court is required to place on the record its findings as to aggravating circumstances that justify variation from the presumptive range. *People v. Vela*, 716 P.2d 150 (Colo.App.1985). Further, there must be sufficient facts in the record to support the trial court's findings.

*People v. Walters*, 632 P.2d 566 (Colo.1981). And, a trial court's sentencing decision will not be reversed absent a clear abuse of discretion. *People v. Watkins*, 684 P.2d 234 (Colo.1984).

■ Here, although vehicular homicide was designated as a Class 4 felony when this offense was committed, the plea bargain struck included a provision that upon pleading guilty, defendant would be sentenced as if for a Class 5 felony. In addition to the factors set forth in § 18–1–102.5, C.R.S. (1986 Repl. Vol. 8B), the trial court considered the defendant's lack of prior felony convictions, his own injuries from the accident, and his remorse over the incident. The trial court noted that it did not consider the victim's death as a factor in aggravation because it was an element of the offense. Nevertheless, the trial court found, based on the totality of circumstances, that the defendant was a threat to the community and was not amenable to rehabilitation.

In concluding that a sentence in the aggravated range was warranted, the trial court stated:

The Court finds that the circumstances here of the multiple past alcohol driving violations, lack of a license, the fact that past opportunities for change of conduct through the county court have not been successful, the high blood alcohol content and the egregious conduct of being on the wrong side of the road, in combination, do amount to extraordinary aggravating circumstances.

Based on the record before us, we conclude that the trial court considered appropriate factors and made sufficient findings to support its sentence. Further, the record reveals adequate justification for that sentence within the trial court's discretion. Hence, it will not be disturbed on review. *People v. Walker, supra.*

■ We reject defendant's assertion that the trial court improperly considered the elements of the offense as extraordinary aggravation. No constitutional or statutory provision prohibits the trial court's consideration of specific relevant facts, which in isolation

are not necessarily determinative of the establishment of essential elements of the offense, as extraordinary aggravating circumstances justifying the imposition of a sentence in the aggravated range. *People v. Sanchez,* 769 P.2d 1064 (Colo.1989).

 Similarly, we disagree with defendant's contention that the trial court erred in considering his lack of a driver's license and prior misdemeanor traffic record as aggravating factors. Section 18–1–105(9)(c), C.R.S. (1986 Repl. Vol. 8B) permits the sentencing court to consider aggravating circumstances other than those specifically set forth in imposing an extraordinarily aggravated sentence. Nor does the language of § 18–1–105(1)(b)(I) limit relevant "criminal conduct" to felony convictions. *See People v. McGregor,* 757 P.2d 1082 (Colo.App.1987).

Sentence affirmed.

RULAND and KAPELKE, JJ., concur.