The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Abad MARTINEZ, Defendant–Appellant.

No. 99CA2524.

Colorado Court of Appeals, Div. IV.

March 1, 2001.

Rehearing Denied April 5, 2001.

Certiorari Denied Oct. 1, 2001. *

* Justice MARTINEZ would grant as to the following issue:

Whether second degree murder committed in the heat of passion is a "crime of violence" under section 16-11-309, C.R.S. (1999).

Ken Salazar, Attorney General, Elizabeth Rohrbough, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Cynthia Camp, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Abad Martinez, appeals from the sentence imposed by the trial court following his entry of a guilty plea to second degree murder committed in the heat of passion. We affirm.

Defendant was charged with first degree murder after deliberation after he drove to his girlfriend's house, engaged in a verbal exchange with the 20–year–old victim, who lived in the girlfriend's house, and then killed the victim with a single gunshot.

Pursuant to a plea agreement, defendant pled guilty to second degree murder committed in the heat of passion. The trial court sentenced him to 25 years in the Department of Corrections (DOC).

## I.

Defendant contends that the trial court erred in concluding that second degree murder committed in the heat of passion is a crime of violence. We disagree.

Section 18–3–103, C.R.S.2000, provides, in pertinent part:

(1) A person commits the crime of murder in the second degree if the person knowingly causes the death of a person.

. . . .

(3)(a) Except as otherwise provided in paragraph (b) of this subsection (3), murder in the second degree is a class 2 felony.
(b) Notwithstanding the provisions of paragraph (a) of this subsection (3), murder in the second degree is a class 3 felony where the act causing the death was performed upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, affecting the defendant sufficiently to excite an irresistible passion in a reasonable person; but, if between the provocation and the killing there is an interval sufficient for the voice of reason and humanity to be heard, the killing is a class 2 felony.
(4) *A defendant convicted pursuant to subsection (1) of this section shall be sentenced by the court in accordance with the provisions of section 16–11–309, C.R.S.* (emphasis added)

Here, defendant argues that, by its plain language, § 18–3–103(4) requires mandatory crime of violence sentencing only for those second degree murder convictions that were obtained under § 18–3–103(1). He further asserts that the legislative history of § 18–3–103(3)(b) shows that the General Assembly intended that heat of passion second degree murder be a separate offense from second degree murder under § 18–3–103(1). Thus he argues that since he was convicted of heat of passion second degree murder pursuant to §§ 18–3–103(1) and 18–3–103(3)(b), he was not subject to crime of violence sentencing pursuant to § 18–3–103(4).

In support of his argument, defendant urges that the legislative history of the heat of passion second degree murder statute shows that the offense should not be classified as a crime of violence.

Prior to 1996, second degree murder and heat of passion manslaughter were separate offenses. *See* Colo. Sess. Laws 1993, ch. 322, § 18–3–104 at 1986. Although second degree murder was a *per se* crime of violence, heat of passion manslaughter was not classified as a crime of violence.

According to defendant, the express legislative purpose of the 1996 amendments, Colo. Sess. Laws 1996, ch. 295, §§ 18–3–103 & 18–3–104 at 1844–45, was "to clarify confusion that had left jurors uncertain as to whether they must first decide that a defendant was not guilty of second degree murder before determining whether heat of passion manslaughter had been proved." Defendant maintains that, to avoid that confusion, the General Assembly repealed the statutory of-

fense of heat of passion manslaughter in 1996 and replaced it with the offense of heat of passion second degree murder proscribed in § 18–3–103(3)(b). Thus, defendant claims that since heat of passion manslaughter had not been a crime of violence, the General Assembly could not have intended that heat of passion second degree murder be so classified. He asserts that the General Assembly intended that heat of passion second degree murder be a separate offense from second degree murder.

In *People v. Garcia,* 1 P.3d 214 (Colo.App. 1999) (*cert. granted* May 22, 2000), a division of this court examined the statutory language and legislative history of the 1996 amendments and concluded to the contrary. The division in *Garcia* determined that the General Assembly, in enacting the 1996 amendments, eliminated the offense of heat of passion manslaughter. Further, by amending § 18–3–103 to make provocation, or acting in the heat of passion, a factor in mitigation of second degree murder, the General Assembly created a single crime of second degree murder with two different felony levels. We find the reasoning of *Garcia* persuasive.

■ Thus, contrary to defendant's arguments, provocation is not an element of a separate offense of second degree murder committed in the heat of passion. Rather, it is a statutory or sentence-mitigating factor that will, if proven, reduce a defendant's sentence for second degree murder. *See People v. Lee,* 30 P.3d 686 (Colo.App.2000); *People v. Garcia, supra.*

The elements that must be established to prove the commission of the offense of second degree murder are set forth in § 18–3–103(1). The penalty provisions for the offense are set forth in §§ 18–3–103(3) and 18–3–103(4). Therefore, contrary to defendant's arguments, he was convicted of second degree murder pursuant to § 18–3–103(1). That he committed the murder in the heat of passion served only to lower the level of the offense from a class two felony to a class three felony pursuant to § 18–3–102(1)(b).

■ Consequently, because § 18–3–103(4) requires crime of violence sentencing for all second degree murder convictions under § 18–3–103(1), second degree murder is a *per se* crime of violence, even if committed in the heat of passion. *See Terry v. People,* 977 P.2d 145 (Colo.1999). Thus, we reject defendant's contention that the trial court erred in concluding that his offense was a crime of violence.

## II.

■ Defendant also contends that the trial court abused its discretion in imposing a 25-year sentence. He argues that the court failed to give adequate consideration to the fact that he had no prior felony record, and placed undue emphasis on deterrence and public safety. We are not persuaded.

Second degree murder committed in the heat of passion is a class three felony. Normally, the presumptive sentencing range for a class three felony is 4 to 12 years. Section 18–1–105(1)(a)(V)(A), C.R.S.2000.

However, second degree murder committed in the heat of passion is a *per se* crime of violence and an extraordinary risk of harm crime. Section 18–1–105(9.7)(b)(XII), C.R.S. 2000. Since it is an extraordinary risk of harm crime, the presumptive range for this offense is 4 to 16 years.

Further, since the offense is a crime of violence, the sentencing provisions of §§ 16–11–309(1)(a) and 18–1–105(9)(a), C.R.S.2000, also apply. *See People v. Lee,* 989 P.2d 777 (Colo.App.1999). Thus, the trial court was required to sentence defendant to a term of incarceration of at least the midpoint in the presumptive range, but not more than twice the maximum presumptive term for the offense. Thus, the presumptive sentencing range for the offense was 10 to 32 years. *See People v. Terry,* 791 P.2d 374 (Colo.1990) (§ 16–11–309 is not a sentence-enhancing statute, but a presumptive penalty statute).

■ Sentencing is by its very nature discretionary, and the trial court, because of its greater familiarity with the defendant and the circumstances of the case, is a better arbiter of the facts than an appellate court. Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984).

Here, it is apparent from the transcript of the sentencing hearing that the trial court

was aware of the factors to be considered in determining defendant's sentence and appropriately applied them.

The trial court initially noted that the purpose of sentencing was to provide a result that addresses both the need of society for protection and the need of defendant for correction.

The court considered the nature of the offense, the character of defendant, and the public interest in safety and deterrence. The court concluded that the public interest in safety and deterrence weighed against probation in this case, which involved grave personal violence.

With regard to mitigating circumstances, the court considered defendant's background, including the fact that this was his first felony offense. It also considered defendant's age, physical health, history of employment, and illiteracy.

However, as aggravating circumstances, the court found that defendant recently had assaulted his girlfriend. Thus, this was the second violent offense by defendant within three weeks. Further, on the day in question, defendant apparently started out with the intent to kill his girlfriend, but killed the victim instead.

The court additionally found that the killing was senseless. Defendant and the victim were not even acquainted, and the victim had engaged in no acts of provocation. Also, the victim had pleaded for his life before being shot by defendant.

Finally, the court found as additional aggravating circumstances that defendant had fled the scene, resisted arrest when apprehended, and thereafter denied any involvement in the murder.

The court noted that the length of the sentence reflected the aggravated nature of the offense and the public policies of deterrence and protection and also was consistent with the sentences other defendants had received for similar convictions.

That the trial court considered aggravating factors to be more compelling than mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitiga-

tion. *See Rocha v. People,* 713 P.2d 350 (Colo.1986); *People v. Hernandez–Luis,* 879 P.2d 429 (Colo.App.1994).

Contrary to defendant's arguments, the court did not rely solely on the objectives of deterrence and protection in imposing sentence. While the trial court noted these factors, it also relied heavily on the aggravated nature of the offense. This factor appropriately supported the lengthy sentence. *See People v. Vigil,* 718 P.2d 496 (Colo.1986) (circumstances surrounding offense alone may justify lengthy sentence, even one approaching the statutory maximum).

Finally, contrary to defendant's arguments, the trial court did not err in placing more emphasis on deterrence, correction, and the safety of the victims and the community than on defendant's limited potential for rehabilitation or other arguably mitigating circumstances, such as his lack of a prior criminal record. *See Rocha v. People, supra.*

The sentence is within the range prescribed by law, based on appropriate considerations, and factually supported by the circumstances. We therefore find no abuse of discretion. *See People v. Fuller,* 791 P.2d 702 (Colo.1990).

The sentence is affirmed.

DAVIDSON and RULAND, JJ., concur.